**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dorothy JEFFERSON,
Defendant-Appellant.**

No. 84–1667.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 11, 1985.
Decided April 26, 1985.

Patricia J. Gorence, Asst. U.S. Atty., Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., James A. Schmidt, Summer Clerk (on brief), for plaintiff-appellee.

Michael J. Knoeller, Milwaukee, Wis., for defendant-appellant.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge and PELL, Senior Circuit Judge.

CUDAHY, Circuit Judge.

In a prior appeal, we found that the district court had improperly sentenced appellant Jefferson under 21 U.S.C. §§ 841 and 846, as well as under 21 U.S.C. § 848. We vacated all sentences, directing the district court to resentence under § 848; in a footnote to our opinion we proposed that if the district judge wanted to fulfill his original intention of sentencing to thirty years of imprisonment, he could do so under § 848. On remand, Jefferson was sentenced to thirty years under that section of the statute. Jefferson appeals the resentencing, arguing that increasing the sentence on the § 848 count put her twice in jeopardy for the same offense, and was a denial of due process under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

## I.

On May 12, 1982, Dorothy Jefferson was sentenced to a total of thirty years imprisonment on a variety of charges, including 10 years for engaging in a continuing criminal enterprise, under 21 U.S.C. § 848; 5 years for involvement in a conspiracy to distribute drugs, under 21 U.S.C. § 846, to operate concurrently with the first; 5 years on each of four counts of possession with intent to deliver, 21 U.S.C. § 841(a)(1), to operate consecutively to each other and to the ten year sentence; and 3 years on each other count, to run concurrently with each other and with the sentences imposed under §§ 848 and 841(a)(1).

On her initial appeal, Jefferson successfully challenged the sentences imposed under § 841(a)(1) and the (concurrent) sentence imposed under § 846. This court held that § 846 was a lesser offense included in § 848, so that a defendant could not be sentenced under both, and that it was not Congress's intention to allow cumulative sentencing both on the predicate substantive offense of a § 848 conviction (here, the sentencing under § 841(a)(1)) and on § 848 itself. We then said:

> We are left with the question of whether we must simply vacate the sentences we have found improper and leave appellant to serve ten years on her § 848 conviction, or whether we may properly vacate *all* the sentences (including the unchallenged § 848 sentence) and remand the entire case for resentencing by the trial judge consistent with his original intentions. Although 28 U.S.C. § 2106 vests in us, *inter alia*, the supervisory power to vacate and remand the entire sentencing package despite the fact that it includes an unchallenged sentence, *see, e.g., Johnson v. United States*, 619 F.2d 366, 368 (5th Cir.1980), and *United States v. Moore*, 540 F.2d 1088, 1091 (D.C.Cir.1976), to do so would be futile unless the trial judge has discretion to increase appellant's § 848 sentence.
>
> [T]he rule in this and other circuits prior to [*United States v.*] *DiFrancesco* [449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)] was that increasing a sentence once service had begun was prohibited as a violation of the guarantee against double jeopardy. [*United States v.*] *Turner*, 518 F.2d [14], at 15–16 [7th Cir. (1975)]. *Accord, e.g., United States*

v. *Fredenburgh,* 602 F.2d 1143, 1147–48 (3d Cir.1979); *Sullens v. United States,* 409 F.2d 545, 547 (5th Cir.1969); *United States v. Sacco,* 367 F.2d [368], at 369–70 [ (2d Cir.1966) ]. No exception was made where the enhancement was for the purpose of carrying out the intentions of the judge and fulfilling the expectations of the defendant. *Turner,* 518 F.2d at 16.

In light of *DiFrancesco,* however, it is necessary to abandon the rule of *Turner.* Where a sentence is held on appeal to be improper or illegal, it is not inconsistent with the Double Jeopardy Clause for a defendant to be resentenced upon remand according to the original intentions of the trial judge, even if this entails enhancement of one or more of the original sentences. *Accord, McClain v. United States,* 676 F.2d 915 (2d Cir.), *cert. denied,* [459] U.S. [879], 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *United States v. Busic,* 639 F.2d 940 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). Because the trial judge is vested with discretion to increase appellant's § 848 sentence, we will vacate and remand the entire sentence "package" for resentencing.

*United States v. Jefferson,* 714 F.2d 689, 707 (7th Cir.1983). And in a footnote we said:

At both the sentencing and resentencing hearings, the trial judge expressly stated that his intention was to give the defendant thirty years. Sentencing Tr. 20, 29. He explained that he had divided the sentence over the various counts because § 848 contains a no-parole provision, and he wanted to give the Department of Justice discretion to release the defendant after ten years if her health problems so required. He emphasized that his decision was made purely out of concern for defendant's poor health, and that he strongly believed that the defendant was a "very dangerous person" and should not "be returned to the community at any time when she's able to supervise any type of activity on anyone's part." Sentencing Tr. 21.

Because a conviction on § 848 carries a minimum ten-year sentence, the judge is not empowered to effect his desire to impose an aggregate of thirty years by vacating the § 848 sentence and imposing sentences only on the substantive offenses. Thus, the trial judge may decide to satisfy his intent to sentence appellant to thirty years only by increasing her § 848 sentence.

*Id.* at 707, n. 34. In other words, we vacated *all* the sentences in order to allow the trial judge to rework them according to his original intention; we held that under *DiFrancesco* it was not constitutionally impermissible for the district judge to increase sentence on one of the counts in order to carry out that intention; and we suggested that since the judge would have to sentence on either § 848 or the predicate offenses but not both, and since § 848 carried a minimum sentence and allowed no probation, the only way for him to fulfill his sentencing intention would be to sentence her to the full amount under § 848.

On remand the district court did precisely that. Stating that it was basing its sentence on the same factors which it considered at the time of the original sentencing, the court increased Jefferson's sentence on the § 848 count from ten to thirty years. Sentences on the substantive predicate offenses were made concurrent with the § 848 sentence, and the total sentence imposed was again thirty years. On this second appeal, Jefferson argues that an increase in the § 848 sentence is an increase of sentence which placed her twice in jeopardy, since she had begun serving her sentence, and which was a denial of due process, since the trial judge did not give reasons for increasing the sentence.

## II.

The appellant raises first the question whether increasing the sentence on one unchallenged count is not double jeopardy. At least three other circuits have held that since *United States v. DiFrancesco,* 449 U.S. 117, 133–39, 101 S.Ct. 426, 435–39, 66 L.Ed.2d 328 (1980), it no longer

violates double jeopardy principles for a trial court to increase a sentence on an uncontested count after defendant's successful attack on a simultaneously imposed consecutive sentence and subsequent vacation of all sentences by the court of appeals. *United States v. Raimondo,* 721 F.2d 476, 478 (4th Cir.1983), *cert. denied,* — U.S. —, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984); *McClain v. United States,* 676 F.2d 915, 918 (2d Cir.), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *United States v. Busic,* 639 F.2d 940, 944–45 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). As we indicated in our prior opinion in this case, in which we vacated Jefferson's § 848 sentence for the express purpose of allowing the district judge to increase it, we are in accord. *See also United States v. Covelli,* 738 F.2d 847, 862 (7th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 211, 83 L.Ed.2d 141 (1984).

Jefferson gives us no reason to think that our prior decision was mistaken. She points to *United States v. Henry,* 709 F.2d 298 (5th Cir.1983), an *en banc* decision overturning a district court's increase of a legal part of the sentence to compensate for a vacated illegal sentence. In that case, however, the court of appeals had not vacated the legal sentence, and the Fifth Circuit, pointing out that the question whether a court of appeals could vacate a legal sentence in these circumstances was one specifically left open by the Supreme Court in *Busic v. United States,* 446 U.S. 398, 412 n. 19, 100 S.Ct. 1747, 1756, n. 19, 64 L.Ed.2d 381 (1980), indicated that, if it had intended to allow the district court discretion to increase the legally imposed sentence, it would have expressly vacated it. 709 F.2d at 304. The Third Circuit had done so in *Busic* itself, on remand from the Supreme Court. 639 F.2d 940 (3d Cir. 1981). Moreover, Henry, unlike Busic and unlike the appellant in this case, had not placed his legally imposed sentence in question; or so the Fifth Circuit held.[1]

■ In cases such as the one before us, then, in which counts of conviction are interrelated in such a way that a sentence on one count is illegal precisely because of the sentence imposed on another count, we reaffirm that it is not double jeopardy for the court of appeals to vacate the latter sentence along with the former, and for the district court to increase sentence on the latter count to satisfy its original intention.

### III.

That is not to say, however, that the *total* sentence imposed on those interrelated counts may be increased at will. In *North Carolina v. Pearce,* 395 U.S. 711, 89

---

1. Here Jefferson appealed her conviction under § 848.

Although we in *Covelli* vacated all sentences, illegal and legal alike, so that the resentencing judge could fulfill the original sentencing intentions, we there made no recommendation as to what action precisely the judge should take. We do not decide here whether, in a context like *Covelli,* in which the various counts are not interrelated in the way they are in the present case, increasing the sentence on one count to compensate for a vacated illegal sentence would violate due process under *Pearce,* discussed below. In such circumstances the better approach might be that followed by the Eleventh Circuit in *United States v. Monaco,* 702 F.2d 860, 884 (11th Cir.1983) and by the Second Circuit in *United States v. Markus,* 603 F.2d 409, 413 (2d Cir.1979). In those cases the sentences under counts on which defendants were subsequently acquitted, or which were dropped by the prosecution on retrial, were disregarded in comparing the first and second sentence. (That is, they were subtracted from the total of the first sentence before that sentence was compared with the total the second time around, for *Pearce* purposes.) The court in *Monaco* specifically rejected the defendant's method of comparing sentences count by count, and our method of comparing aggregate sentences. We do not decide that issue here because in this case the various sentences were interrelated in such a way that the evidence for the illegal counts was also the evidence for the legal counts; that was precisely the reason for declaring some of the sentences illegal. There is no question here about whether the defendant is guilty of the conduct for which she was sentenced; the only question is under which statutes she is to be sentenced. In *Covelli,* by contrast, we lifted a sentence for transporting stolen goods interstate and affirmed sentences for robbery and perjury; in *Monaco,* defendant was retried and reconvicted of importation of marijuana and conspiracy to import marijuana, but acquitted the second time around of distributing marijuana.

S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that an increased sentence could not be imposed *after retrial* without violating the due process rights of the defendant, unless the sentencing judge gave as reasons objective factors involving identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. *United States v. Tucker,* 581 F.2d 602 (7th Cir.1978). The rule is a prophylactic one, addressed more to the "chill" that vindictiveness might throw over the inclination of future litigants to appeal than to the injustice done in the actual case. For that reason, *Pearce* creates a *presumption* of vindictiveness, and allows sentences to be increased only where the sentencing judge makes clear that the increase is based on behavior of the defendant since the original sentencing. The judge may not rely on a reconsideration of the conduct that led to the original sentence, and in *Tucker* we rejected the view that it suffices if the reasons appear in the record. 581 F.2d at 608.

### A.

■ We see no reason to distinguish, on the basis of this rationale, the case of resentencing after retrial from the case of resentencing after vacation of an illegal sentence. The same threat of vindictiveness is present, and the same safeguards are necessary. The Fourth Circuit, in circumstances very much like those that faced this court the first time this case came to us on appeal, also declared certain sentences illegal and remanded for sentencing under § 848 to "whatever penalty is authorized by that statute." But it admonished the district court that the punishment imposed under § 848 "may not exceed the punishment initially imposed on all counts, unless the criteria for an increased sentence set forth in *North Carolina v. Pearce* ... are satisfied." *United States v. Raimondo,* 721 F.2d 476, 478 (4th Cir.

1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984). *See also Robinson v. Scully,* 690 F.2d 21, 24 (2d Cir.1982) ("The distinction between retrial and a hearing upon remand has no legal significance for present purposes since both present an equal opportunity for judicial vindictiveness upon resentencing.") Had the district judge, on remand from this court, imposed a total sentence of forty years in place of the earlier thirty aggregate, due process would have required him to justify this increase.

### B.

■ But the district court, perhaps unwittingly, did something very much like that. In sentencing under § 848, the court brought into play a no-parole provision as well.[2] Although as far as we can tell that provision will not prevent Jefferson from collecting good time, it will eliminate the possibility of any earlier release on parole. Since parole was a possibility during the last twenty years of the previous sentence, we feel that this change significantly increases the punishment imposed on Jefferson.

Moreover, it would be difficult to argue that an increase in non-parolable time does not come under the rule of *Pearce,* or that parole or probation are not part of the sentence for *Pearce* purposes. In *United States v. Mathis,* 579 F.2d 415, 419 (7th Cir.1978), we held that a similar increase in the *possibility* of incarceration was—in the absence of reasons for the increase—a denial of due process under *Pearce.* Mathis had had concurrent sentences of eight years on Count II and three years on Count I imposed after a guilty plea. After the guilty plea was vacated he was tried before a jury and convicted. Thereupon the trial judge imposed *consecutive* sentences of six years on Count II and three years *probation* on Count I. The trial judge made clear that he considered this a reduction in

---

**2.** In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and section 4202 of Title

18 [setting parole eligibility as starting after one-third of sentence has been served] ... shall not apply.
21 U.S.C. § 848(c) (1970).

the sentence. *Id.* at 419. Nevertheless we found that the consecutive period of probation subjected the defendant to "the possibility of a longer period of incarceration than he faced under his previous sentence." *Id.* Although there was no evidence of vindictiveness on the part of the judge (as the Government plausibly argued, given that whether defendant served a shorter six year term depended pretty much on his own behavior), there was also nothing in the record which would justify the increased burden, as required by *Pearce.* In that case, we modified the sentence so that the two terms would run concurrently. *Id.* at 420.

In *Monaco, supra,* the Eleventh Circuit held that an increase from two to four years in a special parole term was a violation of *Pearce,* where reasons for the increase had not been given. 702 F.2d at 885. In *United States v. Hawthorne,* 532 F.2d 318 (3d Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976), the Third Circuit held that where, under the original sentence, parole had been available at any time, resentencing to allow parole only after one-third of the sentence had been served required the resentencing judge to give reasons, under *Pearce.* And in *Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978), the Fifth Circuit found the possibility of *prosecutorial* vindictiveness where after appeal the defendant was indicted on four instead of the original two counts; although the aggregate term of imprisonment the defendant received upon conviction was no more severe than that in the original sentence, the court felt that the chance of parole was substantially lessened where a prisoner was convicted on four instead of the original two counts. Because of the possibility of vindictiveness, it remanded for a hearing on that issue. *But cf. United States v. Forbicetta,* 515 F.2d 342 (5th Cir. 1975) (resentencing to two and a half years with parole after one-third of sentence not "more onerous" than original sentence of three years with parole at any time).

Any infraction of *Pearce* in the case before us would certainly have been invited by our categorical proposal, on the first appeal, that the trial judge fulfill his intentions by resentencing to thirty years under § 848, without mention of *Pearce.* 714 F.2d at 707 n. 34. Since very probably we did not even consider the question at that time, however, we do not hesitate to consider it now.

### C.

■ From the above review it appears that at least three sorts of parole-related or probation-related increases warrant *Pearce* scrutiny: an increase in the potential maximum sentence, even if it involves only probation or parole, *Mathis, supra; Monaco, supra;* an increase in the period before which parole is not possible, *Hawthorne, supra;* and an increase in the possibility of harsher parole review, *Hardwick, supra.* The present case seems to fall into the second of these categories; before her appeal, Jefferson was eligible for parole after five-ninths of her sentence had been served (one-third or three-ninths under the no-parole provision; and one-third of the remaining two-thirds of her sentence, or two-ninths); as presently sentenced she is not eligible for parole at all.

Were we to adopt the Third Circuit's *Hawthorne* rule, we would be obliged to remand to the district court whenever the district judge has not made known his reasons for increasing the non-parolable part of a sentence, as required by *Pearce.* We are not obliged to decide whether *Hawthorne* is the law in this circuit, however, because it seems to us that under the circumstances of this case, narrowly described, the possibility of vindictiveness which underlies the application of the *Pearce* rule is not present. Thus, the Supreme Court itself has carved out certain exceptions to *Pearce* in situations in which it found no reason to presume the possibility of vindictiveness. In *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), the Court found that where a conviction in a misdemeanor court was appealed to a

court of general jurisdiction and retried *de novo*, the danger of vindictiveness was not present. Although the Court did not reason in exactly this way, it is clear that to apply *Pearce* to such a two-tier system would encourage double litigation; litigants would have nothing to lose and everything to gain by going first to the court of restricted jurisdiction and then to the court of general jurisdiction. Vindictiveness was not a possibility, as the Court saw it, because two entirely different courts were involved; the second court, having no stake in the sentence imposed by the first court, would have no reason to punish the litigant for taking such an "appeal."[3] And in *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), the Court held that the *Pearce* rule does not apply to an increased sentence imposed by a jury after a retrial; since the jury is unlikely to even know of the first sentence, the possibility of vindictiveness is not present. *See also United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (concerning possibility of prosecutorial vindictiveness in pre-trial plea negotiations).

In a case like the one before us, the district judge is faced with the choice between two sentences, neither of which is precisely commensurable with the original sentence. He may either give the full thirty years under § 848, thereby fulfilling his intention to keep Jefferson out of circulation for quite a while, but also thereby increasing her sentence. Or he may sentence her under § 848 to the minimum she would have served under the original sentence, something over sixteen years,[4] thereby satisfying his concern about her health, but also thereby awarding her a windfall reduction in her sentence. What he cannot do is to give her a sentence precisely equivalent to her first sentence. We agree with the holding of *United States v. Barash*, 428 F.2d 328, 331 (2d Cir.1970), that sentences of different types cannot be com-

pared—fines with imprisonment, imprisonment with probation or parole, and so on—and hence we would be bound to find any attempt to mediate between the two extremes to be as questionable as the two extremes themselves. *But see United States v. Forbicetta, supra.* Under these circumstances, the only choice open to the district judge which does not raise any *Pearce* questions at all would be to impose the lower of the two extremes—the sixteen year sentence.

But to require him to impose the lower sentence if he cannot give satisfactory reasons for giving the higher—which clearly he cannot do in this case—would be to defeat his announced purpose in imposing the thirty year sentence the first time around. He had found Mrs. Jefferson a very dangerous person and he intended to keep her out of circulation *unless she became so incapacitated that she no longer posed any threat to society.*

[A]s I said at the original sentencing, to exploit the whole black community through the use of drugs and to profit with it is a detestable crime and I know no other way to stop people from doing it other than to lock them up. It was the court's original intention because of her health ... to give the authorities some discretion to let her out of jail ahead of time if her health deteriorated to the point where she was incapacitated and if they determined she was unable to carry on any illicit activites on the outside.

Transcript of April 20, 1984 Hearing, at 24. In these circumstances, it would be difficult to argue that a reasonable likelihood of vindictiveness existed, sufficient to invoke the rule of *Pearce*. Certainly had appellant Jefferson foreseen the two possible outcomes of her appeal, her inclination to appeal would have been "chilled;" not, however, because of the possibility that the same judge would arbitrarily raise her sentence, but rather because the only choice

---

**3.** In dissent Justice Marshall noted that *Pearce* was intended to address the problem that the mere possibility of vindictiveness would deter prospective appellants.

**4.** Good time is a separate calculation, of course.

left to him, given his original intention, would be to raise the sentence.

In circumstances like these, where the trial judge must either lower the sentence drastically or raise it drastically, it does not offend the *Pearce* rule for him to impose the lowest of the possible sentences which is consistent with giving the defendant the full sentence he intended to impose on her in the first place. We are not enthusiastic about this outcome but neither do we think it the better course to deprive the trial judge of his right to lawfully sentence a serious offender for thirty years, simply because of an error at the first sentencing.[5]

### IV.

■ We hold, therefore, that in these particular circumstances no likelihood of vindictiveness existed sufficient to "chill" Jefferson's inclination to appeal, beyond the chill created by the fact of the choice presented to the district judge. Jefferson herself asked the court of appeals to hold that she could not be sentenced under both § 848 and the substantive provisions; we so held. Logic dictated that, since at least ten years had to be given under § 848, sentence could *only* be imposed under § 848. In similar circumstances federal courts of appeals had vacated the legal sentence as well as the illegal ones, so that the district court could increase the legal sentence. § 848 has a no-parole provision. Jefferson and her counsel should have been aware of the choice entailed by these facts, and of the risk they ran. Certainly no one in the future will appeal being sentenced under both § 848 and other statutes that allow for parole; but neither will anyone appeal his missentencing, when his missen-tencing consists of a sentence less than the mandatory minimum. Although he has been wrongly sentenced, the mistake has been in his favor, and he would be foolish to appeal. Similarly here; someone sentenced as Jefferson had been would be the beneficiary of the court's mistake, and would be foolish to appeal. Jefferson could not know that when she brought her appeal. But she should have been aware of the risk that it would be so, and the chance that it would have come out otherwise must be what made it worth her while.

The sentence of the district court is affirmed.

---

5. The problem we face here is not really susceptible of rational resolution. A similar problem arises in these circumstances: the judge sentences the defendant, under statute A, to fifteen years. It turns out that statute A carries a mandatory term of thirty years. The court of appeals remands, telling the district judge that he may sentence either under A, or under statute B, which carries a *maximum* sentence of three years. His choice, then, is between sentencing for thirty years or sentencing for three years. Does *Pearce* really mandate the lower sentence, if the judge cannot come forward with reasons? A philosopher of note has said that "ought" implies "can," and that no one is obliged to do what can't be done. In this case the judge cannot give the same sentence he gave before; the most we can require is that he not increase the sentence beyond what is necessary. (In the more extreme case in which the judge has missed a mandatory minimum under a statute, and his *only* choice is to resentence under that statute, the resolution is so obvious that the *Pearce* due process question does not even arise. *Jones v. United States,* 538 F.2d 1346, 1348 (8th Cir.1976).)