**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dorothy JEFFERSON,
Defendant-Appellant.**

**No. 84–1667.**

United States Court of Appeals,
Seventh Circuit.

Jan. 28, 1986.

Michael J. Knoeller, Milwaukee, Wis., for defendant-appellant.

Patricia J. Gorence, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge and PELL, Senior Circuit Judge.*

ON REMAND FROM THE SUPREME
COURT OF THE UNITED STATES

CUDAHY, Circuit Judge.

On October 7, 1985 the Supreme Court vacated this court's decision in *United States v. Jefferson,* 760 F.2d 821 (7th Cir. 1985), and remanded the case to us for further consideration in light of one of its recent decisions. *Jefferson v. United States,* — U.S. —, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985). Thus, the question of

---

\* Judge Pell participated in consideration of this matter and approved this opinion prior to December 31, 1985.

the prison sentence Dorothy Jefferson must serve for her participation in an elaborate drug sales operation is before us for a third time. We remand to the district court with instructions to reinstate the sentence it originally imposed on the defendant in 1982.

## I.

In May 1982, Dorothy Jefferson was convicted in the Eastern District of Wisconsin of one count of participation in a continuing criminal enterprise, 21 U.S.C. § 848; one count of conspiracy to distribute controlled substances, 21 U.S.C. § 846; twenty-one counts of distribution of controlled substances, 21 U.S.C. § 841(a)(1); and two counts of use of a communications facility in the distribution of a controlled substance, 21 U.S.C. § 843(b). She was sentenced to a total of thirty years' imprisonment: ten years on the § 848 conviction and five years on each of four of the § 841(a)(1) convictions, to be served consecutively with each other and the § 848 sentence. (Sentences of five years for the § 846 conspiracy and three years for each of the remaining nineteen substantive counts ran concurrently with each other and the above sentences.)

Section 848 sentences are to be served without parole. 21 U.S.C. § 848(c). The four five-year sentences provided for parole eligibility after one-third of the sentence had been served. Thus, the total sentence package called for parole eligibility after sixteen years and eight months. The trial judge distributed the sentence in this way, instead of giving a thirty-year sentence under § 848, because

> § 848 contains a no-parole provision, and he wanted to give the Department of Justice discretion to release the defendant after ten years if her health problems so required. He emphasized that this discretion was made purely out of concern for defendant's poor health, and that he strongly believed the defendant was a "very dangerous person" and should not "be returned to the community at any time when she's able to supervise any type of activity on anyone's part."

*United States v. Jefferson,* 714 F.2d 689, 707 n. 34 (7th Cir.1983) (quoting Sentencing Transcript at 21).

On her initial appeal, Jefferson successfully challenged the four five-year sentences imposed under § 841(a)(1) as violations of the Double Jeopardy Clause of the Fifth Amendment. A panel of this court held that Congress had not intended to allow cumulative sentencing both on the predicate offenses necessary to prove a continuing criminal enterprise (here, the four five-year sentences) and the § 848 conviction itself.[1] The court then vacated the original sentence and remanded to the trial judge for resentencing. *Jefferson,* 714 F.2d at 707.

The trial judge, stating that he was basing the sentence on the same factors he had considered at the time of the original sentencing, increased Jefferson's sentence under § 848 to thirty years and made all of the other sentences concurrent with that

1. Section 848 of the Drug Abuse Prevention and Control chapter of Title 21, U.S.C., provides for lengthy prison sentences, no parole, forfeiture penalties, and a stiff recidivist penalty structure for those who engage in a "continuing criminal enterprise." This is defined as:

> [A] person is engaged in a continuing criminal enterprise if—
> (1) he violates any provision of this subchapter [Control and Enforcement] or subchapter II of this chapter [Import and Export] the punishment for which is a felony, and
> (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
> (B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(b).

Jefferson also successfully challenged the concurrent conspiracy sentence imposed under 21 U.S.C. § 846 as a double jeopardy violation. The court ruled that a § 846 conspiracy was a lesser-included offense within a § 848 violation so that a defendant could not be convicted under both provisions for the same conduct. *Jefferson,* 714 F.2d at 703–05.

sentence. The total sentence was thus still thirty years, but under the new sentence Jefferson would not be eligible for parole.

Jefferson again appealed and a different panel of this court affirmed the new sentence. Although we agreed with Jefferson that the change in parole status did constitute an increased sentence, we held that in this case the resentencing did not violate the due process standards of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Pearce* establishes a prophylactic rule that a resentence following an appeal shall not be heavier than the original sentence lest judicial "vindictiveness" chill the right to appeal. We noted that "under the circumstances of this case, narrowly described, the possibility of vindictiveness that underlies the application of the *Pearce* rule is not present." *United States v. Jefferson*, 760 F.2d 821, 827 (7th Cir.1985). Given the option of a thirty-year sentence without parole or a seventeen-year sentence without parole, the trial judge was allowed to give the sentence that most comported with his original sentencing scheme. *Id.* at 828.

Jefferson petitioned the Supreme Court for a writ of certiorari. The Supreme Court granted the writ, —— U.S. ——, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985), vacated the second panel opinion, and remanded the case to this court for further consideration in light of one of its recent decisions on § 848 sentencing, *Garrett v. United States*, —— U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). Relying on the guidance provided in that opinion, we now conclude that cumulative sentencing for the § 848 conviction and the substantive predicate offenses does not violate the Double Jeopardy Clause and we remand this case to the district court for resentencing consistent with this opinion.

## II.

"The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977) *quoting North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). Of these three protections, only the last is relevant here because Dorothy Jefferson was indicted, prosecuted and convicted for both the § 848 offense and the four predicate § 841(a)(1) offenses in the same proceedings.[2]

---

**2.** This makes Dorothy Jefferson's case much less complicated than *Garrett v. United States*, —— U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). In *Garrett*, the defendant was indicted in the Western District of Washington on three substantive counts of importation of marijuana. He pled guilty to one of those counts, was sentenced to five years' imprisonment and fined $15,000. The remaining counts were dismissed without prejudice to the government.

Two months later, Garrett was indicted in the Northern District of Florida for conspiring to import marijuana, conspiring to distribute marijuana, using a telephone to facilitate drug activity and engaging in a continuing criminal enterprise. At trial, the judge instructed the jury that, in order to convict Garrett of engaging in a continuing criminal enterprise, it must find that Garrett had committed a federal narcotics felony that was part of a "continuing series of violations," defined as "three or more successive violations over a definite period of time with a single or substantially similar purpose." *Garrett*, 105 S.Ct. at 2410. The judge also told the jury that in finding the three predicate viola-

tions, it might consider the felony offense of marijuana importation. The Washington evidence was introduced to prove an importation of marijuana offense. Garrett was convicted under § 848 in Florida, and the prison sentence and fine were cumulative to the Washington sentence and fine.

Garrett contended that the Florida sentence violated the Double Jeopardy Clause. Unlike Jefferson, he raised *two* double jeopardy issues: in addition to the question of cumulative punishments for the same offense, he asserted that he was being twice tried for the same offense. He sought to analogize his predicament to that addressed in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), in which the Court found a prosecution for auto theft after a conviction for joyriding violative of double jeopardy. The Court held that prosecution for a continuing criminal enterprise after an earlier prosecution for one of the predicate offenses did not violate the Double Jeopardy Clause. It noted that:

Obviously the conduct in which Garrett was charged with engaging in the Florida indict-

The question of cumulative sentences for a single course of criminal conduct, imposed at the same proceeding, revolves around the legislature's intent in creating criminal offenses: are two separate offenses and two separate punishments intended? *See Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983) ("[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."); *Brown v. Ohio,* 432 U.S. at 165, 97 S.Ct. at 2225 ("[T]he role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense."). In addressing this question, a court's "starting point must be the language of the statutes." *Albernaz v. United States,* 450 U.S. 333, 336, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1980). When a panel of this court heard Jefferson's initial appeal, it followed this approach and concluded that "Congress intended § 848 to serve as a comprehensive and exclusive penalty structure for persons professionally involved in criminal drug enterprises." *Jefferson,* 714 F.2d at 703. Until recently, there has been a split of authority on this question. *Compare United States v. Gomberg,* 715 F.2d 843, 851 (3d Cir.1983) (double jeopardy bars cumulative sentencing); *United States v. Samuelson,* 697 F.2d 255, 260 (8th Cir.1983); *United States v. Chagra,* 669 F.2d 241, 261–62 (5th Cir.), *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982), *with United States v. Brantley,* 733 F.2d 1429, 1436–37 (11th Cir. 1984) (sentencing under § 848 and for a predicate offense not a double jeopardy violation); *United States v. Mourad,* 729 F.2d 195 (2d Cir.1984).

The Supreme Court has recently had the opportunity to resolve this question. In *Garrett v. United States,* —— U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the Court held that the "language, structure, and legislative history ... show in the plainest way that Congress intended ... [§ 848] to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses." *Id.,* 105 S.Ct. at 2412. The defendant in *Garrett* had argued, as the appellant here does, that the test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), applied and

---

ment, when compared with that with which he was charged in the Washington indictment, does not lend itself to the simple analogy of a single course of conduct—stealing a car—comprising a lesser included misdemeanor within a felony. Here the continuing criminal enterprise was alleged to have spanned more than five years; the acts charged in the Washington indictment were alleged to have occurred on single days in 1979 and 1980, respectively. Whenever it was during the five-and-one-half year period alleged in the indictment that Garrett committed the first of the three predicate offenses required to form the basis for a continuing criminal enterprise prosecution, it could not then have been said that he would necessarily go ahead and commit the other violations required to render him liable on a continuing criminal enterprise charge. Every minute that Nathaniel Brown drove or possessed the stolen automobile he was simultaneously committing both the lesser included misdemeanor and the greater felony, but the same simply is not true of Garrett. His various boatload smuggling operations in Louisiana, for example, obviously involved incidents of conduct wholly separate from his "mother boat" operations in Washington. These significant differences caution against ready transposition of the "lesser-included offense" principles of double jeopardy from the classically simple situation presented in *Brown* to the multi-layered conduct, both as to time and to place, involved in this case.
*Garrett,* 105 S.Ct. at 2416–17.

In her statement filed with this court upon remand, Jefferson seizes upon this last distinction and asserts that her case is as "classically simple" as *Brown.* Insofar as she stresses that she was tried and convicted for all offenses in the same proceeding, she has distinguished her case from both *Garrett* and *Brown.* When all of the prosecutions occur in the same proceeding, the problem of multiple prosecutions drops out of the analysis and the only question remaining is that of cumulative punishment. *See infra.*

Insofar as Jefferson is suggesting that the *Garrett* rule would not apply if a defendant were first prosecuted for all three substantive offenses and then later tried for a § 848 violation with no evidence offered that had not been offered at the first trial, we advance no comment, since no such problem is before us at this time.

would establish that each of the predicate offenses was the "same" as the § 848 offense for double jeopardy purposes because the predicate offenses did not require proof of any fact not necessary to the § 848 offense. The *Garrett* majority noted, however, that *Blockburger* is not a conclusive determinant of legislative intent but rather a canon of statutory construction and as such not controlling when the legislative intent is clear on the face of the statute and in the legislative history. *Id.* at 2412–13, *citing Hunter,* 459 U.S. at 368, 103 S.Ct. at 679; *Albernaz,* 450 U.S. at 340, 101 S.Ct. at 1143; *Whalen v. United States,* 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715 (1980). Since the Court found the legislative intent behind § 848 sufficiently clear, the double jeopardy analysis ended at that point.

This analysis applies equally to Dorothy Jefferson's case: under *Garrett,* the sentence originally imposed on Jefferson in 1982 fully comports with the requirements of the Double Jeopardy Clause. It follows that the original sentence should never have been set aside. Although we are not authorized to vacate *United States v. Jefferson,* 714 F.2d 689, *supra,* we conclude that that decision has been overruled by *Garrett* and no longer has force and effect. We therefore vacate the second sentence (thirty years without parole under § 848) and remand this case to the district court with instructions to reinstate the sentence it originally imposed.[3]

VACATED AND REMANDED.

---

**3.** If *United States v. Jefferson,* 714 F.2d 689, *supra,* was incorrectly decided, as we now know it to have been under *Garrett,* the effect is to treat Jefferson's original sentence as having been affirmed rather than reversed. The task of the district court on remand therefore is presumably to take the necessary action to reinstate that original sentence.