908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Rolland L. BAGLEY, Defendant-Appellant.
 No. 89-3800.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 29, 1990.*
Decided July 17, 1990.
 
 Beforw HARLINGTON WOOD, JR., JOHN L. COFFEY and MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Rolland Bagley pled guilty to and was convicted on one count of distributing cocaine in violation of 21 U.S.C. Sec. 841, but reserved the right to appeal the denial of his motion to suppress. That motion argued that the search warrant executed upon Bagley's residence violated the Fourth Amendment's particularity requirement. The court denied the motion and Bagley appeals. We affirm on the basis of the reasoning given in Judge Crabb's opinion and the Report and Recommendation of Magistrate Groh which the opinion adopted. See Appendix.
 
 APPENDIX
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF WISCONSIN
 ORDER
 89-CR-70-C
 Sept. 20, 1989
 
 3
 This criminal case is before the court on defendant's objections to the Report and Recommendation entered herein by the United States Magistrate on September 15, 1989. The magistrate recommended denial of defendant's motion to suppress evidence seied during the execution of a search warrant that defendant contends was unconstitutionally broad. For the reasons that follow, I will adopt the magistrate's report and follow his recommendation to deny defendant's motion.
 
 
 4
 At the outset, I note defendant's counsel's statement in his objections that he was given only one working day from the entry of the Report and Recommendation in which to file his objections. He is correct, to the extent that the cover letter accompanying the Report and Recommendation stated that objections were to be received by September 18. However, defendant's counsel is an experienced criminal defense lawyer, well aware of the statutory provision permitting ten days after entry of a Report and Recommendation for the filing of objections. It seems unlikely that he did not recognize the September 18 date as a typographical error. In any event, even if he did not have as much time as he wished to prepare his objections, there is on file his ten-page brief in support of the motion and his 27-page reply brief, as well as his five-page statement of objections. Given the narrow focus of the issue, it is difficult to imagine what more defendant might have submitted had he been told that he had the full ten days in which to object.
 
 
 5
 The only issue raised in this motion to suppress is whether the search warrant authorizing the search of defendant's residence and the seizure of various items in the residence was sufficiently precise to meet the Fourth Amendment requirement that warrants shall not issue unless "particularly describing ... the ... things to be seized."
 
 
 6
 In the application for the search warrant, Jed Sperry, a special agent with the Narcotics and Dangerous Drugs Bureau of the Wisconsin Department of Justice, averred that he had been buying cocaine from defendant over a period of six months, that he had made four purchases from defendant at defendant's residence, and that he had arranged to make another on the next day. He sought authorization to seize nine categories of property constituting evidence of violation of narcotics laws. For example, he listed as one category of property to be seized:
 
 
 7
 Address and/or telephone books and papers reflecting names, addresses and/or telephone numbers, which are evidence of violations of Title 21, U.S.C. Sec. 841, Sec. 846, Sec. 848;
 
 
 8
 Defendant contends that this listing is so broad that it does not restrict or guide the discretion of the officer executing the warrant, but leaves it entirely up to the officer to make the determination whether a particular address or paper is evidence of violation of the narcotics laws. That may be true, but it does not necessarily follow that the warrant is unconstitutionally overbroad. It is wholly legitimate for the executing officers to seize any paper or address book or telephone book that appears to be evidence of violations of the narcotics laws. That this may mean that many papers are seized is a consequence of the nature of the illegal activity, rather than of an unconstitutionally overbroad warrant. As the magistrate pointed out in his Report and Recommendation, a business activity such as drug trafficking may reasonably be expected to have records, inventory, supplies, and capital investments on the premises.
 
 
 9
 I am persuaded that the magistrate's analysis of defendant's motion is well-founded. I see no need to prolong the discussion of the issue. Therefore, IT IS ORDERED that the Report and Recommendation of the United States Magistrate entered herein on September 15, 1989, is ADOPTED as the court's own. FURTHER, IT IS ORDERED that defendant's motion to suppress evidence obtained through the execution of the search warrant issued by the United States Magistrate on June 1, 1989, is DENIED.[1]
 
 BY THE COURT:
 
 10
 /s/BARBARA B. CRABB
 
 District Judge
 REPORT AND RECOMMENDATION
 
 11
 Sept. 15, 1989.
 
 
 12
 In an indictment returned June 14, 1989, defendant is charged with three counts of distributing cocaine in violation of 21 USC Sec. 841(a)(1). He moves to suppress evidence obtained pursuant to paragraphs 1 through 6 and paragraph 9 of the warrant to search his residence on the ground that the items to be seized are not described with sufficient particularity. (Dkt. # 22) This Report and Recommendation, submitted pursuant to 28 USC Sec. 636(b)(1)(B), recommends that defendant's motion be denied.
 
 FINDINGS OF FACT
 
 13
 The facts are undisputed. On June 1, 1989, the undersigned issued a warrant to search defendant's residence and outbuildings at 452 County Trunk Highway N, Town of Dunkirk, Stoughton, Dane County, Wisconsin on the application of Special Agent Jed Sperry of the Division of Criminal Investigation, Wisconsin Department of Justice.[1] The warrant authorized the seizure of the following property:
 
 
 14
 1. Books, records, receipts, notes, ledgers and other papers relating to the transportation, ordering, purchase and distribution of controlled substances; in particular, cocaine, which are evidence of violation of Title 21 U.S.C. Sec. 841, Sec. 846, Sec. 848;
 
 
 15
 2. Address and/or telephone books and papers reflecting names, addresses and/or telephone numbers, which are evidence of violations of Title 21, U.S.C. Sec. 841, Sec. 846, Sec. 848;
 
 
 16
 3. Books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditures of money which are evidence of violation of Title 21, U.S.C. Sec. 841, Sec. 846, Sec. 848;
 
 
 17
 4. United States currency, precious metals, jewelry and financial instruments including, but not limited to, stocks and bonds which are evidence of violations of Title 21, U.S.C. Sec. 841, Sec. 846, Sec. 848;
 
 
 18
 5. Photographs, in particular, photographs of co-conspirators, of assets, and/or controlled substances, in particular, cocaine, which are evidence of violations of Title 21, U.S.C. Sec. 841, Sec. 846, Sec. 848;
 
 
 19
 6. Indicia of occupancy, residency or ownership of the premises described above which are violations of Title 21, U.S.C. Sec. 841, Sec. 846, Sec. 848;
 
 
 20
 7. Controlled substances including but not limited to cocaine.
 
 
 21
 8. Drug paraphernalia; to include scales, packaging materials, and other materials used to facilitate the sale, use and distribution of controlled substances.
 
 
 22
 9. Any firearms which are evidence of violations of Title 18, U.S.C. Sec. 924(c).
 
 
 23
 According to the affidavit, Agent Sperry, operating undercover, purchased progressively larger amounts of cocaine from defendant at defendant's residence on four separate occasions. On January 5, 1989, defendant sold him 1/8 ounce of cocaine for $240.00; on February 10, 1989, 1/2 ounce for $850.00; on March 23, 1989, one ounce for $1500.00; and on April 21, 1989, one ounce for $1500.00.[2] (Sperry Aff. pars. 3-6) The last two sales were both arranged during telephone calls made by Agent Sperry to defendant at his residence a few days earlier. On May 30, 1989, Agent Sperry telephoned defendant and arranged to purchase two ounces of cocaine from defendant at defendant's residence on June 2, 1989. (Sperry Aff. par. 7)
 
 
 24
 Sperry's affidavit (par. 8) further states that from his training and experience the execution of warrants to search for controlled substances ordinarily reveal related packaging and distribution materials and paraphernalia, books, records and papers relating to the acquisition, transportation and distribution of controlled substances, cash and other valuable property evidencing profits from drug sales, documents identifying persons in control of the premises, and firearms used for self-protection in the drug trade.
 
 
 25
 The warrant was executed on June 2, 1989.
 
 CONCLUSIONS OF LAW
 
 26
 Defendant argues that paragraphs 1 through 6 and 9 of the warrant fail to satisfy the Fourth Amendment's requirement that a warrant describe with particularity the items to be searched for and seized. Briefly summarized, these paragraphs authorize the seizure of all business records and papers pertaining to the purchase and sale of controlled substances (par. 1), the financial records and tangible and intangible financial assets associated with drug trafficking (pars. 3, 4), documents containing the names, addresses and telephone numbers of persons involved in drug trafficking (par. 2), photographs of controlled substances or of persons, financial asset or other things associated with drug trafficking (par. 5), and things indicating the ownership or occupancy of the premises to be searched (par. 6). In each the enumeration includes the qualifying phrase "which are evidence of violations of Title 21 U.S.C. Sec. 841, Sec. 846, Sec. 848" (controlled substance laws). Paragraph 9 authorizes the seizure of firearms which evidence the violation of 18 USC Sec. 924 (use or possession of firearm in commission of drug offense).[3]
 
 
 27
 Defendant asserts that the "generic" listings of items to be seized are insufficient and that the warrant authorized the agents to seize his property without guidance and at their own discretion. I disagree. To begin, a fair reading of the warrant does not support the contention that there is nothing in the warrant beyond the recital of criminal statutes to guide the officers in its execution. The first paragraph specifies broadly the books, records and other papers "relating to the transportation, ordering, purchase and distribution of controlled substances; in particular cocaine, which are evidence of violation of Title 21 USC Sec. 841, Sec. 846 and Sec. 848." (emphasis added) Thus, these records are specifically related to dealing in a specified contraband which is a violation of one or more of the specified criminal statutes. While paragraphs 2-5 do not specifically speak of drugs or drug trafficking, the repeated mention of 21 USC Secs. 841, 846 and 848 quite plainly refer both to paragraph 1 where the citation first occurs.[4] The plain reading of paragraphs 2-5 supports the conclusion that those paragraphs actually particularize the materials more generally discussed in the first paragraph. Viewed in its entirety, it is abundantly clear that paragraphs 1 through 5 all have illicit drug trafficking as their common reference point.
 
 
 28
 Nor, contrary to defendant's contention, was it necessary to describe in further detail each item to be seized under the warrant. "A search warrant must describe the objects of the search with reasonable specificity, but need not be elaborately detailed." United States v. Reed, 726 F.2d 339, 342 (7th Cir.1984). "The description must be as particular as the circumstances reasonably permit. " United States v. Bentley, 825 F.2d 1104, 1110 (7th Cir.1987) (emphasis added), cert. denied, 108 S.Ct. 240 (1987). "How detailed the warrant must be follows directly from the nature of the items there is probable cause to seize; detail is necessary only to the extent the judicial officer must limit the search and seizure of those items." Id.
 
 
 29
 Defendant was using his home to conduct a business enterprise--the sale of drugs.[5] That business, like any legitimate business, may logically and reasonably be expected to have records of its operations, its financial condition and resources, its investors, partners, employees, or associates, its sources of supply and customers, accounts receivable and payable, and the like. As well, it may be expected to have inventory and supplies on hand and other capital assets either in cash or investments.[6] Since the entire enterprise is illegal, all of these items were subject to seizure. See Bentley, 825 F.2d at 1110 ("When the whole business is a fraud, the warrant properly may permit the seizure of everything the agents may find.").
 
 
 30
 In this light, the warrant clearly provides a satisfactory description of the items subject to seizure. As noted above, the first five paragraphs of the warrant are limited solely to the seizure of evidence of the drug distribution business, the conduct of which may be a violation of Title 21 USC Sec. 841, Sec. 846 and Sec. 848. That the officers may not know in advance precisely which documents they are to seize does not render the warrant invalid. Since the business, by its very nature, is clandestine, such information will rarely be known. As the Court of Appeals for the Ninth Circuit noted in a related context:
 
 
 31
 In searches of this nature "some innocuous documents will be examined, at least cursorily, in order to determine whether they are, in fact, among those papers authorized to be seized." Andresen v. Maryland, 427 U.S. 463, 482 n. 11, 96 S.Ct. 2737, 2749 n. 11, 49 L.Ed.2d 627 (1976) (Andresen ). Here, the officers were limited in their seizure to documents dealing with the distribution of controlled substances. The warrants did not permit them to seize any documents unrelated to controlled substances. [citation omitted] Where, as here, there are articulated standards that "reasonably guide the officers in avoiding the seizure of protected property, a search warrant authorizing such seizure is not a general warrant." [citation omitted]
 
 
 32
 United States v. Hayes, 794 F.2d 1348, 1356 (9th Cir.1986), cert. denied, 479 US 1086 (1987).[7] See United States v. Peters, 791 F.2d 1270, 1279 (7th Cir.), cert. denied, 479 US 847 (1986).
 
 
 33
 The Seventh Circuit Court of Appeals upheld a similar warrant in United States v. Malik, 680 F.2d 1162, 1165 (7th Cir.1982). In that case, FBI agents discovered a shipment of heroin-filled baseballs from Pakistan which they allowed the cooperating addressee to take to defendant, the ultimate recipient.
 
 
 34
 The items listed in the warrant, which included 'books, papers, [and] documents' as well as the baseballs and other items in the shipment from Pakistan, all related to drug dealing. Id.
 
 
 35
 The reasoning in Malik is not elaborate because it is obvious. Where "the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice because less particularity can be reasonably expected then for goods ... whose exact identity is already known at the time of issuance.' " United States v. Peters, 791 F.2d 1270, 1278 n. 3 (7th Cir.1986) (citation omitted). See United States v. Vanichromanee, 742 F.2d 340, 347 (7th Cir.1984); Hayes, 794 F.2d at 1356.
 
 
 36
 The same reasoning applies here. The warrant did not give the agents carte blanche to seize whatever they might choose; only documentary evidence of drug dealing activities could be taken under the challenged paragraphs. Hayes, 794 F.2d at 1356. The law does not require the often impossible task of identifying the precise documents sought. Vanichromanee, 742 F.2d at 347 (7th Cir.1984)
 
 
 37
 Defendant seeks support for his position from a number of decisions of the Court of Appeals for the Ninth Circuit. I have examined those cases and find them to be readily distinguishable from the case before me. Further discussion of them is not warranted.
 
 
 38
 I conclude that the search warrant was neither overbroad nor wanting in particularity, and will recommend that the motion to suppress be denied.[8]
 
 RECOMMENDATION
 
 39
 IT IS RESPECTFULLY RECOMMENDED, pursuant to 28 USC Sec. 636(b)(1)(B), that defendant's motion to suppress be DENIED.
 
 
 40
 ENTERED this 15th day of September, 1989.
 
 
 41
 /s/JAMES GROH
 
 United States Magistrate
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Defendant filed a supplemental objection on September 20, 1989, in which he noted his objection to the magistrate's statement in footnote 8 of his Report and Recommendation that he believed the good faith exception to the exclusionary rule would warrant denial of defendant's motion to suppress even if the warrant were found to be unconstitutionally vague. Because this issue is not the one on which I decide the motion, I merely note defendant's objection, but do not address it
 
 
 [1]
 Copies of the application, warrant and return are attached to the Affidavit of Counsel (Dkt. # 24) along with Agent Sperry's report of the search
 
 
 [2]
 The first three sales occurred in the residence. The fourth occurred in the garage on the property
 
 
 [3]
 The provision pertaining to the identification of the occupants or owners of the premises (par. 6) stands on somewhat different grounds, but its use has specifically been approved in this circuit and further discussion of it is not required. See United States v. Reed, 726 F.2d 339, 342 (7th Cir.1984). Paragraph 9 of the warrant, pertaining to firearms, may also be dealt with summarily. Guns are universally recognized as tools of the drug trade like any other paraphernalia. United States v. Calisto, 838 F.2d 711, 716 (3rd Cir.1988); see United Stats v. Alvarez, 860 F.2d 801, 829 (7th Cir.1988). Thus there was probable cause to believe guns would be found in the search for drugs. Indeed, the gun could have been seized even if not named in the warrant. Reed, 726 F.2d at 344. As with the documents, the failure or inability to describe a specific weapon or weapons does not defeat the warrant
 
 
 [4]
 The contraband itself, and associated marketing paraphernalia, is designated for seizure (without objection) in paragraphs 7 and 8
 
 
 [5]
 It should be emphasized in this regard that the probable cause determination has not been challenged. The application clearly evidences an ongoing drug trafficking business conducted from defendant's residence
 
 
 [6]
 As to the seizure of cash and other valuable liquid assets in drug cases, see United States v. Jefferson, 714 F.2d 689, 694-695 (7th Cir., 1983), rehearing on other grounds, 760 F.2d 821 (1984) (en banc ), vacated on other grounds, 468 US 806 (1985); Reed, 726 F.2d at 343-344
 
 
 [7]
 The warrant upheld in Hayes, 794 F.2d at 1355, authorized the search of a doctor's medical files for documents including patient records, logs and correspondence, related to the distribution of controlled substances
 
 
 [8]
 Although the government does not raise the issue, it would seem from the facts before me that even if it were held that the warrant was too broadly drawn, the motion must still be denied. The good faith exception to the exclusionary rule applies to warrants which fail to meet the particularity requirement. United States v. Crozier, 468 US 1206 (1984) (memorandum decision) (citing United States v. Leon, 468 US 897 (1984)); United States v. Brown, 832 F.2d 991, 996-997 (7th Cir.1987). For the reasons discussed above, it cannot be suggested that the warrant was " 'so facially overbroad as to preclude reasonable reliance by executing officers.' " Center Art Galleries--Hawaii, Inc. v. United States, 875 F.2d 747, 752 (9th Cir.1989). Nor is there any suggestion by defendant that the officers did not act in good faith in executing the warrant. Id. The warrant return is not indicative of a wholesale seizure of defendant's property and the items listed can reasonably be regarded as evidence of drug dealing and the profits gained from it