{¶ 36} I respectfully dissent on the fourth assignment of error.
 {¶ 37} The majority opinion clearly establishes that an entirely new hearing is required when a case is remanded for resentencing. The first sentencing permits information about events that occurred between the date of the crime and the date of the hearing. I do not see any reason for a judge to prohibit information about what occurred between the first hearing and the date of the rehearing.
 {¶ 38} Indeed, any information that would assist the court in accurately predicting the likelihood of recidivism should be considered: for example, a new psychiatric report, evidence that a defendant had assaulted inmates in prison, evidence that he had violated his bond while on bail. The information can be both negative and positive.
 {¶ 39} The federal courts have clarified, furthermore, there is no double jeopardy problem in re-examining the entire sentence. "Pursuant to [the "sentencing package doctrine"], when a defendant is sentenced under a multi-count indictment and the sentences imposed on those counts are interdependent, a trial court has the authority to reevaluate the entire aggregate sentence or sentencing package, including the unchallenged portions, upon remand. Santiago v. United States (N.D.Ohio. 1996),954 F. Supp. 1201; United States v. Callins (C.A. 6, 1999), 182 F.3d 919."In the Matter of: Fabiaen L. Mitchell, 2001 Ohio App. Lexis 2856 at *4.
 {¶ 40} However, the courts have set certain parameters in resentencing. In the case of North Carolina v. Pearce (1969), 395 U.S. 711;89 S.Ct. 2072; 1969 U.S. Lexis 1165, the U.S. Supreme Court declared the following principle: "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be free of apprehension of such a retaliatory motivation on the part of the sentencing judge. * * * In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." At 725-726.[3]
 {¶ 41} In Pearce, however, the case was remanded for a retrial. Here, the matter was remanded for resentencing.[4] Nevertheless, the philosophy enunciated in Pearce is applicable[5]: "The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in Williams v. New York, supra, that a State may adopt the `prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime.' Id., at 247." Thus in imposing a new sentence, the trial judge may consider "events subsequent to the first trial that may have thrown new light upon the defendant's `life, health, habits, conduct, and mental and moral propensities.' Williams v. New York, 337 U.S. 241, 245. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources." Pearce at 723.
 {¶ 42} The majority, citing this same quotation, concluded that the trial court's consideration of accomplishments subsequent to the first sentencing hearing is permissible,[6] but not mandatory. I disagree. If there is information that would assist the judge in determining, for example, the likelihood of recidivism, even if this information derives from events that arose after the first hearing, then I believe the court must, at the very least, consider it.
 {¶ 43} At a sentencing, as well as a resentencing, the court has wide latitude in what it may consider. We do not require the trial judge to wear a blindfold when the judge attempts to arrive at an understanding of the defendant. It is particularly significant that we do not impose the rules of evidence on information the court receives. On the contrary, the court customarily considers presentence reports, which may contain victim statements and much more that was never subject to the scrutiny of defendant's cross-examination.[7] Given this openness of information at what is a de novo hearing, it would be inconsistent to arbitrarily limit information presented at a de novo hearing, by a date in the past.
 {¶ 44} The more a trial judge knows about the offender, the better he is able to tailor an appropriate punishment. "* * * [S]ociety has a strong interest in ensuring that, in our criminal jurisprudence, punishment `will suit not merely the offense but the individual defendant.'" United States v. Mancari (C.A. 7 1990), 914 F.2d 1014, at 1019, cert. den. (1991) 499 U,.S. 924, 111 S.Ct. 1320, citing Wasman v.United States (1984), 468 U.S. 559, at 564, 104 S.Ct. 3217, at 3220. In the case at bar, recent information about the individual defendant was quite exceptional: defendant obtained a GED and completed an anger management course and a tutoring workshop.
 {¶ 45} The majority acknowledges that "the trial court must consider all relevant factors" but has discretion in determining the weight given to those factors. Yet the majority goes on to say the trial court did not have to consider defendant's actions after the first hearing. I do not understand how the court can have considered all relevant factors but ignore relevant information. The court did not say the information was not relevant. Rather, the court mistakenly believed that it could not consider what defendant did after the first sentencing. The court's words were: "The Court cannot consider what he's done after that [the first sentencing]."[8] Emphasis added. This was an error of law that was clearly prejudicial to defendant, especially given the singular accomplishments that were denied consideration. The issue here is not a matter of weighing evidence. It is a question of the prejudicial impact of a mistake of law.
 {¶ 46} Thus I would reverse and remand for the court to consider information from the period after the first sentencing hearing.
[3] The Eighth District Court of Appeals has described this situation, that is, resentencing a defendant to a harsher sentence following a successful appeal, as giving rise to "a presumption of vindictiveness. * * * In order to overcome the presumption, the trial court must make affirmative findings on the record regarding conduct or events that occurred or were discovered after the original sentencing." State v.Anderson, 2003-Ohio-429 ¶¶ 7-8.
[4] Regarding the "presumption of vindictiveness," the Seventh Circuit saw "no reason to distinguish * * * the case of resentencing after retrial from the case of resentencing after vacation of an illegal sentence." United States v. Jefferson (1969), 760 F.2d 821, 825,
[5] No one is alleging there was any vindictiveness in the resentencing, here. Rather, the issue is only consideration of subsequent conduct.
[6] But, see, State v. Jackson, 2002-Ohio-2359 ¶ 29.
[7] There are some limitations. For example, Ohio case law prohibits considering prior acquittals. State v. Russo, 2001 Ohio App. Lexis 2422;Cleveland Heights v. Seastead, 1995 Ohio App. Lexis 4513.
[8] The court went on to explain, however, "That would be appropriate for judicial release, and not resentencing."