UNITED STATES of America,
Plaintiff-Appellee,

v.

Sandra CLAYTON, Defendant-Appellant.

No. 77–1990.

United States Court of Appeals,
Ninth Circuit.

Jan. 4, 1979.

William W. Graham, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

David R. Hinden, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE and CHAMBERS, Circuit Judges, and WOLLENBERG *, District Judge.

WOLLENBERG, Senior District Judge.

This is an appeal from a district court judgment revoking probation of defendant-appellant and ordering execution of her original sentence of imprisonment. Sandra Clayton pleaded guilty to one count[1] of possessing counterfeit government obligations as proscribed by 18 U.S.C. § 472. She was sentenced on October 7, 1974, to six years imprisonment. However, pursuant to 18 U.S.C. § 3651, it was ordered that appellant serve the first ninety days of her sentence on consecutive weekends in a jail-type institution. The balance of the six-year sentence was suspended, and she was placed on five years probation on the following conditions: that she "(1) obey all laws, Fed-

---

* The Honorable Albert C. Wollenberg, Senior United States District Judge for the Northern District of California, sitting by designation.

1. A second count of the indictment, alleging that Clayton had passed counterfeit government obligations, was dismissed at the time of judgment. Record at 7.

eral, State and local; (2) comply with all the rules and regulations of the Probation Officer; and (3) keep and maintain the order of the Court with respect to the jail-type sentence imposed." Record at 7.

Clayton satisfactorily served twelve consecutive weekends (twenty-four days) of imprisonment.[2] On March 15, 1975, she failed to appear for a weekend of incarceration at the Los Angeles County Jail, and probation revocation proceedings were commenced pursuant to 18 U.S.C. § 3653. At the probation revocation hearing held on June 2, 1975, the district court vacated its order of October 7, 1974, and ordered that the originally imposed six-year sentence be executed. Then the court, referring again to 18 U.S.C. § 3651, ordered that appellant serve the first six months of her sentence in a jail-type institution. The balance of the sentence was suspended, and she was placed on probation for five years on condition that she "obey all laws, Federal, State and local and comply with all the rules and regulations of the Probation Officer." Record at 13. In its written judgment revoking probation, the court made no mention of granting appellant credit for the twenty-four days she had already served.

Clayton satisfactorily completed six months of imprisonment. Subsequently on three different occasions in 1976, she pleaded guilty to petty theft in Los Angeles Municipal Court in violation of Cal.Penal Code § 484 and was sentenced by that court. Record at 15. Probation revocation proceedings were set in motion again by a petition filed on June 26, 1976. Appellant opposed these efforts by filing a motion to dismiss the probation revocation petition and to be discharged from custody on essentially the same grounds as argued on this appeal. At the probation revocation hearing, held on December 13, 1976, appellant's motion was denied, and the two previous probation orders were vacated. It was or-

dered the "further execution" of Clayton's previously imposed six-year prison sentence be carried out. Record at 26. Appellant is now serving that sentence.

Appellant claims that the court's order of December 13, 1976, revoking probation and reinstating the six-year prison sentence, was invalid because she was not legally on probation at the time she allegedly violated that probation by committing three petty thefts. She contends that she was not on probation at the time in question because the court's order of June 2, 1975, was invalid in that the requirement that she serve six months in a jail-type institution, when viewed in conjunction with the time she had already served for the original offense, violated the provision of 18 U.S.C. § 3651 that a probationary sentence may not be added to a prison sentence that exceeds six months in duration. Appellant therefore argues that "the court order of December 13 executing the six-year sentence constituted double punishment for the same offense in violation of defendant's right to be protected from being twice put in jeopardy for the same offense under the Fifth Amendment of the United States Constitution." Appellant's Brief at 8.

Under 18 U.S.C. § 3651:

Upon entering a judgment of conviction of any offense . . . if the maximum punishment provided for such offense is more than six months, [the] court . . . may impose a sentence in excess of six months and provided that the defendant be confined in a jail-type institution . . . for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

.     .     .     .     .

2. Clayton commenced service of her weekend imprisonment on October 12, 1974. On the weekend of January 4, 1975, she was ill and did not appear at the jail. On the following two weekends, although she appeared at the jail, she was refused admittance. She contacted her attorney and submitted an affidavit to the district court which resulted in an order reinstating the weekend sentence effective March 15, 1975, in essence picking up her sentence where it had been interrupted.

The period of probation, together with any extension thereof, shall not exceed five years.

When and if a probationer violates conditions of probation, 18 U.S.C. § 3653 provides that he or she may be brought before the court for a hearing.

"Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653.

Each action of the district court must be analyzed to determine the correctness of the sentence appellant is currently serving.

a. The judgment of October 7, 1974, can be viewed either as a split sentence of ninety days incarceration in the custody of the Attorney General and five years probation thereafter, or it can be viewed as an order of probation for five years with one condition being that Clayton serve ninety days on consecutive weekends in a jail-type institution.

■■■ Under the first alternative, the sentence was illegal because the court cannot require weekend service; the manner in which sentence is served is to be determined by the agencies of the Department of Justice. *United States v. Haseltine,* 419 F.2d 579, 581–82 (9th Cir. 1969), *overruled on other grounds, United States v. Bishop,* 412 U.S. 346, 351 & n.3, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1972). Furthermore, *Haseltine* makes clear that probation does not commence until all the weekends are served so Clayton was not on probation at the time of the alleged violation by failing to appear for a weekend of incarceration. However, appellant did not raise the illegality of the first sentence and thus is precluded from doing so at this time. Any illegality was corrected in the judgment of June 2, 1975, in which Clayton was resentenced. A court may always correct an illegal sentence. *Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1946). *Cf. United States v. Best,* 571 F.2d 484 (9th Cir. 1978); *United States v. Stevens,* 548 F.2d 1360 (9th

Cir.), *cert. denied,* 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977).

■■■ This raises the problem that the second sentence, imposing incarceration for six months, suspending the rest of the six-year sentence, and placing appellant on probation for five years, is more severe than the sentence imposed originally. But the Fifth Amendment double jeopardy protection is not violated here because the record clearly indicates that the more severe sentence was imposed because of appellant's conduct in failing to obey the court's order. A harsher sentence on resentencing may be imposed if justified by reference to conduct of the defendant occurring subsequent to the original sentence. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968); *Rewak v. United States,* 512 F.2d 1184, 1186 (9th Cir. 1975).

■■■ Alternatively, the judgment of October 7, 1974, can be viewed as an order suspending the sentence of six years in custody of the Attorney General and imposing probation for a period of five years with one condition being that Clayton serve ninety days on consecutive weekends in a jail-type institution. This is a legal sentence within the discretion of the court, and when Clayton violated the condition of probation, the court upon revocation of probation could impose the sentence it might originally have imposed, 18 U.S.C. § 3653, even if more severe than the original sentence. *See Nicholas v. United States,* 527 F.2d 1160, 1162 (9th Cir. 1976); *Smith v. United States,* 505 F.2d 893, 895 (5th Cir. 1974); *Thomas v. United States,* 327 F.2d 795, 797 (10th Cir.), *cert. denied,* 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964).

b. We look now to the second sentence, imposed in the judgment of June 2, 1975, in which appellant was ordered to spend, in a jail-type institution, the first six months of the six-year sentence that could have originally been imposed and which was imposed in this order. The balance of the sentence was suspended, and appellant was placed on probation for five years.

■ We have ruled, as discussed *supra,* that double jeopardy problems are not raised by this more severe sentence. The question remains whether the six-month jail sentence limitation in 18 U.S.C. § 3651 applies cumulatively to any jail sentences that are imposed for a specific offense in conjunction with probation, as appellant argues, making this sentence illegal because the court did not give six months less time served, or whether the six-month limitation applies only on a sentence-by-sentence basis, as the government contends. In the latter view, a new jail sentence of up to six months could be imposed in the court's discretion each time probation is revoked and a new sentence is pronounced without regard to how much jail time may already have been served for the original offense.

The government argues (Appellee's Brief, pp. 14–17) that appellant's view of the six-month limitation would tie the court's hands when granting a new probationary sentence following probation revocation. Its argument concerning judicial alternatives and leniency in being able after time is served to offer a second chance at probation to a probation violator is well taken. However, just as section 3651 limits the probationary period to no more than five years in total, including any extensions, *United States v. Nunez,* 573 F.2d 769, 771 (2nd Cir. 1978); *Mitchem v. United States,* 193 F.2d 55, 57 (5th Cir. 1951), it is clear that the statute intends no more than six months total imprisonment to be imposed for a single offense if probation is to be granted. Other statutes give the court additional sentencing options.

■ Having determined that the six-month limitation of section 3651 is cumulative, we nevertheless hold that the resentence imposed by the district court on June 2, 1975, was legal. Both sides overlook the provision of 18 U.S.C. § 3568 which is dispositive here:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court. *Soyka v. Alldredge,* 481 F.2d 303, 305 (3rd Cir. 1973); *United States v. Lewis,* 145 U.S.App.D.C., 447 F.2d 1262 (1971); *United States v. Morgan,* 425 F.2d 1388, 1390 (5th Cir. 1970); *Bostick v. United States,* 409 F.2d 5, 6 (5th Cir.), *cert. denied,* 396 U.S. 890, 90 S.Ct. 180, 24 L.Ed.2d 164 (1969); *Lee v. United States,* 400 F.2d 185, 188–90 (9th Cir. 1968). *See also United States v. Sanders,* 272 F.Supp. 245, 248 (E.D.Cal.1967). The court in *Lewis* stated "[t]he mandate and operative scheme implicit in the statute provides that the available credit shall be applied *after* whatever sentence is imposed and not *before* sentence. Thus, the court must first impose sentence before any 'credit' may be realized." 447 F.2d at 1265.

■ c. Given the fact that we hold Clayton's sentence of June 2, 1975, to have been a valid sentence, it follows that she was legally on probation at the time she committed the three petty thefts to which she pleaded guilty. She violated her probation, and the court was entitled to order the execution of her original six-year prison sentence, as it did on December 13, 1976. Imposition of a prison sentence upon revocation of probation does not violate the double jeopardy clause of the United States Constitution. *Pollard v. United States,* 352 U.S. 354, 359–61, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *United States v. Kenyon,* 519 F.2d 1229, 1232 (9th Cir.), *cert. denied,* 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975); *United States ex rel. Sole v. Rundle,* 435 F.2d 721, 724 (3rd Cir. 1971); *Thomas v. United States,* 327 F.2d 795, 797 (10th Cir.), *cert. denied,* 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964). In so holding, we state again that it is the duty of the Attor-

ney General to assure that appellant's prison sentence is properly carried out, including computation of credit due to appellant for the six months and twenty-four days she has already served in connection with the same offense.

AFFIRMED.