**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dominic PRINCIPATO,**
**Defendant-Appellant.**

No. 83–5103.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 7, 1983.

Decided Oct. 6, 1983.

Nora Manella, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Maria Stratton, Deputy Fed. Public Defender, Los Angeles, Cal., for defendant-appellant.

Before SCHROEDER and CANBY, Circuit Judges, and HOFFMAN,* District Judge.

SCHROEDER, Circuit Judge.

The district court in 1980 imposed upon appellant a "split" sentence of two years imprisonment (18 months suspended) plus five years probation. That sentence was appropriate under the provisions of 18 U.S.C. § 3651.[1] Two years later the same district court, upon a petition for revocation of probation, imposed a second "split" sentence of 18 months (12 months suspended) plus three and one-half years probation. This sentence, as the government acknowledges, was not appropriate because section 3651 prohibits a defendant who has already served six months in prison from receiving a second sentence combining both imprisonment and probation. *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir.1979). Defendant now appeals the district court's denial of his motion to correct the illegal sentence pursuant to Fed.R.Crim.P. 35(a).

While we agree with defendant that his second sentence was illegal and must be corrected, we do not agree with his argument that the only possible remedy is to terminate his remaining probation term.

In *Clayton*, we held that a court may always correct an illegal sentence by imposing all or part of the sentence which might originally have been imposed. 588 F.2d at 1291. *See Nicholas v. United States*, 527 F.2d 1160 (9th Cir.1976); *United States v. Kenyon*, 519 F.2d 1229 (9th Cir.), *cert. denied*, 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975); 18 U.S.C. § 3653. We must therefore remand for resentencing and allow the district court to impose either imprisonment or probation in place of the second "split" sentence. In either case, full credit must be given for the time defendant has already served. *Clayton*, 588 F.2d at 1292.

Vacated and remanded.

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. 18 U.S.C. § 3651 provides in pertinent part:
   Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.