UNITED STATES of America, Appellee,

v.

**David John MARTIN, Jr., Appellant.**

**No. 90–5450.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 20, 1991.

Decided July 11, 1991.

---

Paul Engh, Minneapolis, Minn., for appellant.

Denise D. Reilly (Jerome G. Arnold, on brief), Minneapolis, Minn., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

PER CURIAM.

David John Martin, Jr., appeals the district court's[1] order that denied his motion to correct an illegal sentence, revoked his probation and ordered him to serve the remainder of his original sentence. We affirm.

Martin pleaded guilty in the United States District Court for the District of North Dakota to one count of assault resulting in serious bodily injury. On January 8, 1987, the court imposed a "split sentence" of two years (120 days to be served with remainder suspended) plus three years probation. Such a combination sentence was permitted under 18 U.S.C. § 3651 (repealed 1987).[2] After his release from the initial period of confinement, probation jurisdiction was transferred to Minnesota. Martin's probation was revoked on June 26, 1989, at which time the district court ordered Martin "recommitted to custody for a period of eight months," to be followed by probation for "twelve months, the remainder of the time."

After re-release on probation, new state charges were filed and Martin was taken into federal custody. Following a preliminary probation revocation hearing, he was ordered detained on August 13, 1990. In a motion filed under former Fed.R.Crim.P. 35(a), dated August 28, 1990, Martin challenged the legality of the probation portion of the June 1989 sentence, and argued that upon service of the eight months imprisonment, he should have been unconditionally released. On September 5, 1990, following a final revocation hearing, the district court issued an order which rejected Martin's argument that the June 1989 sentence was illegal, revoked his probation, and ordered that he serve the "remainder of his original sentence, which is 16 months." This appeal followed.

We construe Martin's appeal to challenge the Rule 35(a) denial, as well as the sentence ordered executed on September 5, 1990. We begin by noting that the June 1989 sentence was illegal. Under the repealed sentencing provisions, probation was an option on a particular count only when the court suspended imposition of sentence or, as here, imposed a split sentence. Under section 3651, a court could not order probation to follow a period of

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. Section 3651 provided in relevant part:
   Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, [the] court ... may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution ... for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period ... as the court deems best.

confinement that exceeded six months. *United States v. Guevremont,* 829 F.2d 423, 427 (3d Cir.1987). The six-month prison-time limitation for split sentences under section 3651 applied cumulatively to any prison terms imposed for the offense, in conjunction with probation. *United States v. Principato,* 717 F.2d 1313, 1314 (9th Cir.1983), *cert. denied,* 465 U.S. 1081, 104 S.Ct. 1448, 79 L.Ed.2d 767 (1984); *United States v. Clayton,* 588 F.2d 1288, 1292 (9th Cir.1979).[3] Thus, the combination of eight months confinement with probation resulted in an illegal sentence.

 Former Rule 35(a), however, permitted correction of "an illegal sentence at any time." Upon the June 1989 revocation, execution of the original sentence could have been ordered under 18 U.S.C. § 3653 (repealed 1987),[4] and was still an option for correcting the sentence in September 1990. Although the court denied the Rule 35(a) motion, its September 1990 order directing Martin to serve the "remainder of his original sentence" effectively corrected the June 1989 sentence. Martin's original sentence was not thereby increased. The concerns that may arise when a court increases an original sentence following a successful Rule 35(a) motion, *see United States v. Guevremont,* 829 F.2d at 427, do not apply to the correction of an illegal revocation sentence.

We construe the court's incorrect statement in its September 1990 order—that the "remainder" was sixteen months[5]—as surplusage, not requiring remand. *See United States v. Flanagan,* 868 F.2d 1544, 1546 (11th Cir.1989) (where, upon revocation of probation, district court orders execution of original prison sentence, it is responsibility of Attorney General (Bureau of Prisons)

under 18 U.S.C. § 3568 to compute and apply credit due for all time previously served in connection with same offense); *United States v. Clayton,* 588 F.2d at 1292–93 (same).

For the reasons stated above, we affirm.

---

3. The dictum suggesting otherwise in *United States v. Rodgers,* 588 F.2d 651, 654 (8th Cir. 1978) (per curiam), upon which the district court relied in rejecting Martin's challenge to the legality of the June 1989 sentence, was incorrect.

4. This section provided that where execution of part of a defendant's sentence had been suspended, the court, upon revocation of probation, could require the defendant "to serve the sentence imposed, or any lesser sentence."

5. Martin served four months initially, and eight months upon the June 1989 revocation. With sixteen additional months, the total time served would improperly exceed the original two-year sentence. *See Davis v. United States,* 790 F.2d 716, 717–18 (8th Cir.1986), *citing with approval Granger v. United States,* 688 F.2d 1296, 1297 (9th Cir.1982) (per curiam).