953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick CAHALA, Defendant-Appellant.
 No. 91-30188.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1992.*
Decided Feb. 4, 1992.
 
 Before EUGENE A. WRIGHT, CYNTHIA HOLCOMB HALL and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Cahala pleaded guilty to burglary of a post office and aiding and abetting the burglary. After denying his request for a two-level reduction for acceptance of responsibility under section 3E1.1 of the Sentencing Guidelines, the district court sentenced him to a term of 30 months imprisonment, three years supervised release, and $729.47 restitution. He appeals his sentence, contending that the court erred by refusing to grant him the reduction. He also requests that the district court clarify whether credit for time served begins at the date of his arrest on state charges or at the initiation of federal criminal proceedings, and whether his sentence runs concurrently with his state sentence.
 
 
 3
 We review for clear error a district court's acceptance of responsibility determination. United States v. Molina, 934 F.2d 1440, 1450 (9th Cir.1991). Because the " 'sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility,' ... her determination 'is entitled to great deference on review.' " United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990) (citing U.S.S.G. § 3E1.1, Application Note 5, at 3.24). Section 3E1.1 provides that a defendant may be entitled to a two-point reduction in his sentence if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." A defendant does not automatically receive a two-level reduction for acceptance of responsibility when he pleads guilty. U.S.S.G. § 3E1.1(c).
 
 
 4
 Cahala pleaded guilty and gave an oral statement of remorse at sentencing. The presentence report recommended the two-level reduction based on his recognition of wrongdoing. The prosecutor objected, arguing that the presentence report failed to show facts indicating that Cahala had demonstrated contrition or actual, heartfelt remorse. The court found it significant that Cahala did no more than plead guilty, and that he made no offer of financial restitution nor an apology to his victims. In addition, Cahala did not assist the investigation of other guilty parties. The court found him not credible. Judge Lodge said,
 
 
 5
 "The Court feels that the defendant has demonstrated--it is not only the fact he raised those constitutional arguments, but persisted in the position that he was minimally involved and that he has been treated unfairly in this process. The court feels that the record is replete with instances where the defendant has failed to accept full responsibility for his conduct in this series of crimes, even though he has plead guilty."
 
 
 6
 The court's denial of the reduction based on credibility determinations was not clearly erroneous. See United States v. Nivens, No. 90-50110, slip op. 16883, 16887 (9th Cir. Dec. 23, 1991) (district court's refusal to depart downward for acceptance of responsibility based on defendant's lack of credibility not clearly erroneous); United States v. Hall, No. 91-50137, slip op. 17407, 17413 (9th Cir. Dec. 31, 1991) (same).
 
 
 7
 We need not address the merits of Cahala's contentions regarding the implementation of his sentence, for they are premature. See Hopper v. United States Parole Com'n, 702 F.2d 842, 845 (9th Cir.1983) (defendant must wait for determination of credit for time served before appeal); United States v. Clayton, 588 F.2d 1288, 1292-93 (9th Cir.1979) ("It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due."). The Bureau of Prisons has not yet calculated the credit for time served. It has not yet enforced the court's order that Cahala's sentence run concurrently with his state sentence. Until it makes its determinations, Cahala has no legal basis for an appeal on these issues.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3