992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Boris OLARTE-MORALES, Defendant-Appellant.
 No. 92-5194.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this direct criminal appeal, the appellant raises several challenges to the district court's sentencing orders. On June 19, 1987, the appellant pleaded guilty to five counts of violating the federal drug laws.[1] Two years later, on June 26, 1989, the district court sentenced the defendant to 10-years imprisonment on the first two counts and 2-years imprisonment on the remaining three counts, with each of the sentences to run concurrently.[2] The appellant submitted a timely motion for a reduction of his sentences pursuant to Federal Rule of Criminal Procedure 35(b). In an order filed May 31, 1990, the district court granted the appellant's motion, reducing the appellant's sentence on Count 1 to time served and his sentence on Count 2 to five years probation.[3]
 
 
 2
 On August 31, 1992, the district court found that the appellant had violated the terms of his probation and ordered his probation to be revoked. In response, the appellant filed a motion pursuant to Federal Rule of Criminal Procedure 35(a) challenging the legality of the May 31, 1990 order sentencing him to five years probation on Count 2. In an order filed September 16, 1992, the district court rejected the appellant's challenge to its order of probation, but stated that, in the event the Tenth Circuit found error in this order, it was conditionally altering its May 31, 1990 order to read that the execution, rather than the imposition, of the appellant's sentence on Count 2 was being suspended.[4] In a separate order filed September 16, 1992, the district court resentenced the appellant to 10-years imprisonment pursuant to its prior order revoking his probation.
 
 
 3
 The appellant is now appealing from the district court's order of August 31, 1992 as well as its subsequent orders of September 16, 1992.[5] The appellant raises the following claims:
 
 
 4
 1) that the district court's May 31, 1990 order illegally sentenced him to 5-years probation on Count 2, 2) that the district court improperly revoked his probation because he had already completed his term of probation, and 3) that the district court's reimposition of a 10-year term of imprisonment constituted double jeopardy. We agree with the appellant that the district court's May 31, 1990 order illegally sentenced the appellant to 5-years probation on Count 2 and find that this order was not adequately corrected by the district court's subsequent orders of September 16, 1992. Accordingly, we hold that the district court's May 31, 1990 order must be vacated with respect to Count 2 and remand the case to the court for resentencing on this count.
 
 I. The May 31, 1990 Sentencing Order
 
 5
 The appellant advances two arguments in support of his contention that the district court's May 31, 1990 sentencing order was illegal.[6] First, he argues that the imposition of probation on Count 2 was impermissible because he had already served his time on Count 2. According to the appellant, his sentence on Count 2 was inextricably linked to his sentence on Count 1 because the district court declared these sentences to be concurrent in its initial sentencing order of June 26, 1989. Consequently, when his sentence on Count 1 was reduced to time served, appellant argues that his sentence on Count 2 was similarly reduced to time served thereby leaving no prison time for the district court to reduce to probation.
 
 
 6
 The appellant's argument misconceives the concept of concurrent sentences. When two or more sentences are designated as concurrent, this designation means only that the sentences are to be served simultaneously. See Black's Law Dictionary 264 (5th ed. 1979). It does not mean that these sentences have been inextricably merged into a single sentence. Rather, concurrent sentences remain at all times distinct and independent sentences. Thus, an order reducing or reversing one sentence does not automatically affect a corresponding reversal or reduction of any other concurrent sentences. United States v. Montoya, 676 F.2d 428, 432 (10th Cir.), cert. denied, 459 U.S. 856 (1982); see United States v. Bush, 659 F.2d 163, 167-68 (D.C.Cir.1981), United States v. Cardona, 650 F.2d 54, 57-58 (5th Cir.1981); United States v. Durant, 648 F.2d 747, 752 (D.C.Cir.1981).
 
 
 7
 Accordingly, we reject the appellant's contention that the district court improperly imposed probation on Count 2 because his sentence on this count had expired. Notwithstanding the district court's reduction of his sentence on Count 1 to time served, the appellant's sentence on Count 2 remained 10-years imprisonment until the district court independently reduced this sentence to 5-years probation.
 
 
 8
 The appellant next argues that the district court's May 31, 1990 sentencing order was illegal because the reduction of his sentence on Count 2 to 5-years probation violated the split sentencing limitations of 18 U.S.C. § 3651. We agree.
 
 
 9
 The district court reduced the appellant's sentence on Count 2 pursuant to Rule 35(b).[7] However, the court's authority to reduce the appellant's sentence under this provision was circumscribed by the dictates of 18 U.S.C. § 3651.[8] This provision prohibits a court from sentencing a defendant to a term of probation coupled with more than six months total imprisonment for a single offense. United States v. Shulman, 940 F.2d 91, 94 (4th Cir.1991); United States v. Martin, 938 F.2d 883, 884-85 (8th Cir.1991); United States v. Clayton, 588 F.2d 1288, 1292 (9th Cir.1979); Sibo v. United States, 332 F.2d 176, 176 (2d Cir.1964). And what a court may not initially impose as a split sentence under § 3651 it may not subsequently craft under the authority of Rule 35(b). United States v. Carter, 704 F.2d 1063, 1064 (9th Cir.1983) ("[S]ection 3651 is a limitation upon the Rule 35(b) power of the district court."); Advisory Committee Note, Fed.R.Crim.P. 35(b) ("Should the reduction to a sentence of probation occur after the defendant has been incarcerated more than six months, this would put into issue the applicability of 18 U.S.C. § 3651."); see United States v. Guevremont, 829 F.2d 423, 423-24 (3rd Cir.1987) (reduced sentence imposed by district court under Rule 35(b) violated § 3651's split sentencing limitation).
 
 
 10
 In the instant case, the district court's May 31, 1990 sentencing order violated the split sentencing limitations of § 3651. At the time the district court reduced the appellant's sentence on Count 2 to 5-years probation, the appellant had already served 3 years, 5 months, and 2 days in jail on this count. Consequently, the net effect of the district court's sentencing order was to convert the appellant's sentence on Count 2 to a combined sentence of probation and prison. Since the appellant's prison sentence had already exceeded six months, however, § 3651 prevented the district court from sentencing the appellant to any term of probation. See Martin, 938 F.2d at 884 (split sentence of 8 months imprisonment and 12 months probation imposed after revocation of probation was illegal where defendant had already served 4 months in prison); United States v. Principato, 717 F.2d 1313, 1314 (9th Cir.1983) (split sentence of 6 months imprisonment and 3 and 1/2 years probation was illegal where defendant had already served 6 months in prison), cert. denied, 465 U.S. 1081 (1984). Accordingly, we conclude that the district court's May 31, 1990 sentencing order was illegal.
 
 
 11
 Having concluded that the appellant was illegally sentenced to 5-years probation on Count 2, we must nevertheless determine whether this illegality was cured by any of the district court's subsequent actions. Under Rule 35(a), the district court had the authority to correct its May 31, 1990 sentencing order at any time. Martin, 938 F.2d at 885.
 
 
 12
 The district court purported to exercise its authority to corect an illegal sentence under Rule 35(a) in its September 16, 1992 order denying the appellant's Rule 35(a) motion. In this order, the court stated that it was conditionally altering its May 31, 1990 sentencing order nunc pro tunc, should it be found defective, to read that the execution rather than the imposition of the appellant's remaining prison term on count 2 was being suspended. While this conditional alteration may have resolved one defect,[9] it did not alter the fact that the district court's May 31, 1990 sentencing order imposed on the appellant a split sentence combining probation with a prison term in excess of six months. Accordingly, the district court's conditional alteration of its prior sentencing order did not prevent this order from violating § 3651.
 
 
 13
 On the same day that the district court conditionally altered its May 31, 1990 sentencing order, the court, in a separate order, also resentenced the appellant to 10-years imprisonment. This sentencing order could be construed as a corrective order pursuant to Rule 35(a). See Martin, 938 F.2d at 884-85 (construing district court's resentencing of defendant upon revocation of probation as correction of illegal split sentence under Rule 35(a)); Guevremont, 829 F.2d at 427 (construing district court's subsequent alteration of illegal split sentence under Rule 36 as a corrective order pursuant to Rule 35(a)). Under the facts of this case, however, we believe that such an interpretation of the district court's action would be a fiction. The court did not realize it was correcting an illegal sentence at the time it resentenced the appellant to 10-years imprisonment; rather, it thought that it was resentencing the appellant for a violation of his probation. While 18 U.S.C. § 3653 permits a court to reimpose a lesser sentence than that originally imposed when revoking probation,[10] a court may often feel compelled to reimpose its initial sentence in such a situation. Such a compulsion is less likely to exist, however, when a court is resentencing a defendant anew. Consequently, we do not believe it can be said that the district court would necessarily have imposed the same sentence on the defendant had it known it was resentencing the defendant pursuant to Rule 35(a). We therefore refuse to construe the district court's resentencing order as a corrective order under this rule.
 
 
 14
 Given our conclusion that neither of the district court's September 16, 1992 orders adequately remedied the court's May 31, 1990 sentencing order, we hold that this order must be vacated with respect to Count 2 and remand the case to the court for resentencing on this count. We reject the appellant's claim that, in lieu of remanding, we should simply strike that portion of the district court's May 31, 1990 sentencing order which placed the appellant on probation. A prisoner is not entitled to escape punishment for a valid conviction merely because the court committed an error in passing sentence. Bozza v. United States, 330 U.S. 160, 166 (1947). "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." Id. at 166-67. Thus, a court may always correct an illegal sentence by imposing all or part of the sentence that might originally have been imposed. Principato, 717 F.2d at 1314.[11] In the instant case, therefore, the district court may impose any sentence that it was authorized to impose in its original sentencing order of June 26, 1989, so long as this sentence does not contain a term of probation.[12] The defendant will of course be entitled to credit the time he has already been incarcerated against whatever sentence he receives. Martin, 938 F.2d at 885; Principato, 717 F.2d at 1314.
 
 II. The Probation Revocation Order
 
 15
 The appellant's second claim is that the district court erroneously revoked his probation because he had already completed his term of probation. The appellant argues that he spent more than 3 years in jail prior to the district court's May 31, 1990 sentencing order and another 2 years on probation prior to the district court's September 16, 1992 revocation order. Thus, he contends that he had already served five years of probation prior to the district court's revocation of his probation.[13]
 
 
 16
 Since the appellant failed to raise this issue below, we may review the appellant's claim only if it constituted plain error. See Fed.R.Crim.P. 52(b). Plain error is "obvious and substantial" error that affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Jefferson, 925 F.2d 1242, 1254 (10th Cir.), cert. denied, 112 S.Ct. 238 (1991).
 
 
 17
 The heart of the appellant's claim is that he is entitled to credit his prison time against his sentence of probation. In support of this proposition, the appellant relies on a footnote in Sullens v. United States, 409 F.2d 545, 548 n. 5 (5th Cir.1969), where the court suggested that a defendant sentenced to probation is entitled to reduce that sentence by any time previously spent in detention. Not only is this footnote dicta, however, but it is also in tension with a number of court decisions holding that a term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court. See United States v. Freeman, 922 F.2d 1393, 1395 (9th Cir.1991); United States v. Gaddis, 280 F.2d 334, 336 (6th Cir.1960); Sanford v. King, 136 F.2d 106, 108 (5th Cir.1943). Under these latter decisions, the appellant would not be entitled to credit his prior incarceration time against his sentence of probation since the district court failed to provide for such a result in its May 31, 1990 sentencing order.
 
 
 18
 Accordingly, we conclude that the district court's revocation of probation did not rise to the level of plain error. Given the absence of plain error, it is inappropriate for us to review this claim.
 
 III. The Resentencing Order
 
 19
 Finally, the appellant argues that the district court's September 16, 1992 order resentencing him to 10-years probation constituted double jeopardy. According to the appellant, he had already served two years of probation before his probation was revoked. Thus, when the district court resentenced him to 10-years imprisonment, his original sentence was increased from ten to twelve years, in violation of his right to be free from double jeopardy.[14]
 
 
 20
 Since the appellant failed to present his argument to the district court, we must once again review the appellant's claim for plain error. When reviewing potential errors of constitutional magnitude, however, we apply the plain error rule less rigidly. See Jefferson, 925 F.2d at 1254.
 
 
 21
 The appellant's argument was considered and rejected by this court in Thomas v. United States, 327 F.2d 795 (10th Cir.), cert. denied, 377 U.S. 1000 (1964). In that case, we held that a defendant is not entitled to credit time spent on probation against a subsequent prison sentence. Id. at 797. Accordingly, we concluded that a defendant initially sentenced to a suspended sentence of 5-years imprisonment was not twice placed in jeopardy when, after spending almost two years on probation, his probation was revoked and he was resentenced to five years imprisonment. Id.; accord United States v. Briones-Garza, 680 F.2d 417, 423 (5th Cir.), cert. denied, 459 U.S. 916 (1982); Hall v. Bostic, 529 F.2d 990, 991-92 (4th Cir.1975); Kaplan v. Hecht, 24 F.2d 664, 665 (2d Cir.1928).
 
 
 22
 Since the instant case is indistinguishable from Thomas, we conclude that the district court's resentencing of the appellant was consistent with the double jeopardy clause. Once again, therefore, we conclude that the appellant's claim falls short of plain error and that it is inappropriate for us to review it.
 
 
 23
 The district court is directed to VACATE its May 31, 1990 sentencing order with respect to Count 2 and the case is REMANDED to the district court for resentencing on this count. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The amended indictment contained eight different counts. The defendant pleaded guilty to counts 1, 2, 4, 5, and 6. The offenses relating to these five counts occurred between 1983 and 1986
 
 
 [2]
 The district court's sentencing order provided:
 The defendant shall be committed to the Custody of the Attorney General for terms as follows:
 Count 1--10 years
 Count 2--10 years
 Count 4--2 years
 Count 5--2 years
 Count 6--2 years
 Counts 2, 4, 5, and 6 to run concurrently with Count 1.
 Order of June 26, 1989.
 
 
 [3]
 The court's order provided:
 Count 1: The defendant is committed to the custody of the Bureau of Prisons for a term of three (3) years, five (5) months, and two (2) days with credit for time served.
 Count 2, 4, 5, and 6: The imposition of sentence is hereby suspended and the defendant placed on probation for a period of five (5) years.
 Order of May 31, 1990. At the time the district court granted the appellant's motion to reduce his sentence, he had served 3 years, 5 months, and 2 days in jail, counting pretrial detention time. Thus, the appellant had already completed his sentences on the latter three counts, since these sentences were ordered to run concurrently with his sentence on Count 1. Accordingly, the district court erroneously included these counts in its order reducing the appellant's sentence. Recognizing its error, the district court subsequently vacated that portion of its order dealing with these counts.
 
 
 [4]
 The district court's order provided in relevant part:
 [I]n the event that the Tenth Circuit should find error in the [May 31, 1990] sentence as it relates to Count 2, then the Court will correct that sentence as follows, nunc pro tunc: The execution of the remainder of the sentence of imprisonment is suspended on Count 2 and Defendant is hereby placed on probation for a period of five years.
 Order of September 16, 1992.
 
 
 [5]
 The only order the appellant explicitly refers to in his notice of appeal is the district court's September 16, 1992 order resentencing him to 10-years imprisonment. However, since it is clear from the face of the appellant's appeal that he also intended to appeal from the district court's August 31, 1992 revocation order and its September 16, 1992 order denying his Rule 35(a) motion, we construe his notice of appeal as encompassing these orders as well. See Sanabria v. United States, 437 U.S. 54, 67 n. 21 (1978) (failure to specify order appealing from is not fatal "so long as the intent to appeal from a specific ruling can be inferred by probing the notice"); Jones v. Nelson, 484 F.2d 1165, 1168 (10th Cir.1973) (where intent to appeal judgment is clear failure to designate judgment in notice of appeal is harmless)
 
 
 [6]
 As previously mentioned, the appellant filed a motion under Rule 35(a) in connection with the probation revocation proceedings challenging the legality of the May 31, 1990 sentence imposing probation on Count 2. This belated challenge to the May 31, 1990 sentencing order was specifically authorized by Rule 35(a), which, at the time of the appellant's offense, provided:
 The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
 Rule 35(a) has since been amended several times. Since these amendments are not retroactive, however, it is former Rule 35(a) which applies to the instant case and to which all subsequent mention of this rule will refer. The district court denied the appellant's Rule 35(a) motion and that order is one of the matters now raised on this appeal.
 
 
 [7]
 At the time the appellant committed his offenses, Rule 35(b) provided:
 A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked.... Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
 Like Rule 35(a), Rule 35(b) has since been amended several times. Once again, however, these amendments do not apply retroactively and thus it is the unamended version of Rule 35(b) which governs the instant case. It is this version of Rule 35(b), therefore, to which all subsequent mention of this rule will refer.
 
 
 [8]
 Section 3651 was repealed by the Sentencing Reform Act of 1984. However, it continues to govern offenses committed prior to November 1, 1987. This section provides:
 Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States ... may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period of not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.
 
 
 [9]
 At least one circuit has held that a court violates § 3651 if it imposes an otherwise valid split sentence without stating that the execution of the defendant's sentence is being suspended. See Guevremont, 829 F.2d at 424. We express no opinion on this issue here
 
 
 [10]
 Section 3653 provides in relevant part:
 [T]he court may revoke the probation and require [the probationer] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.
 Like § 3651, § 3653 was repealed by the Sentencing Reform Act of 1984 but continues to govern offenses committed prior to November 1, 1987.
 
 
 [11]
 A court may, consistent with double jeopardy, correct an illegal sentence by imposing a more stringent sentence. United States v. Jefferson, 714 F.2d 689, 707 (7th Cir.1983); United States v. Carter, 704 F.2d 1063, 1064 (9th Cir.1983). However, when a court does impose a more stringent sentence, a risk of judicial vindictiveness exists. United States v. Jefferson, 760 F.2d 821, 825 (7th Cir.), vacated on other grounds, 474 U.S. 806 (1985). This risk is reduced, however, where the illegal sentence follows an original sentence and the modified sentence does not exceed this original sentence. Guevremont, 829 F.2d at 429 (3rd Cir.1987). In such a situation, the threat of judicial vindictiveness is reduced since the modified sentence is consistent with the sentencing judge's initial intentions as evidenced by the original sentencing scheme. Id
 
 
 [12]
 We note that in resentencing the defendant, the district court is not required to limit its consideration of the defendant's character and background to factors known to the court at the time of its May 31, 1990 sentencing order, but may take into account subsequent conduct of the defendant, including the fact that he violated the court's probation order. A court has virtually unlimited discretion in determining what information it will rely on in imposing sentence. 18 U.S.C. § 3661 ("No limitation shall be placed on the information ... which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); United States v. Graves, 785 F.2d 870, 872 (10th Cir.1986) (court may rely on any information in imposing sentence as long as information is accurate and is not linked to the denial of a constitutional right). Thus, a sentencing court may consider not only conduct of the defendant that has occurred since the imposition of an illegal sentence, see Jefferson, 760 F.2d at 825, but may even consider conduct that specifically violated that sentence, cf. United States v. Washington, 586 F.2d 1147, 1155 (7th Cir.1978) (district court properly considered prior convictions of defendants in sentencing notwithstanding fact that convictions occurred under statute later held to be unconstitutional)
 
 
 [13]
 Notwithstanding our conclusion that the appellant was illegally sentenced to probation and must be resentenced, we do not believe the appellant's second claim is moot. If the appellant had already completed his term of probation on Count 2, resentencing him might very well implicate the appellant's due process and double jeopardy rights. See Guevremont, 829 F.2d at 429 n. 8. Given our ultimate disposition of the appellant's claim, however, we need not reach these constitutional issues
 
 
 [14]
 Once again, we do not believe the appellant's claim is moot notwithstanding our conclusion that the appellant was illegally sentenced to probation on Count 2 and must be resentenced. As noted above, the district court upon remand may impose any prison sentence that it could have originally imposed on the appellant in its June 26, 1989 sentencing order. Since Count 2 of the amended indictment charged the appellant with conspiring to import cocaine, in violation of §§ 952(a), 960(a)(1), and 963, the district court could originally have imposed a prison sentence of up to 15 years. Should the court choose upon resentencing to impose a prison sentence anywhere between 8 and 15 years, the very situation currently challenged by the appellant would again be placed in issue