1 F.3d 1231
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Edmund M. HURLEY, Defendant, Appellant.
 No. 93-1235.
 United States Court of Appeals,
First Circuit.
 August 2, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Edmund M. Hurley on brief pro se.
 Robert L. Ullmann, Assistant United States Attorney, on Motion to Remand Case for Resentencing, for appellee.
 D.MASS.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Pro se probationer Edmund Hurley appeals from a district court order that denied his motion to be released from a probation term he is presently serving.[1] The government has filed a motion which asks us to remand Hurley's case for resentencing while retaining appellate jurisdiction. For the reasons discussed below, we deny the government's motion and summarily affirm the district court order denying Hurley's motion to further amend his judgment of conviction.
 
 
 2
 Hurley, a Boston lawyer, was convicted of one count of conspiring to defraud the Internal Revenue Service by participating in a money laundering scheme in violation of 18 U.S.C. Sec. 371.[2] He was sentenced to two years' imprisonment, the first eight months of which were to be served in prison, the sixteen month balance of which was suspended in favor of probation. Hurley was also required to pay a $10,000 fine and a $50 special assessment. This court affirmed Hurley's conviction on direct appeal. See United States v. Hurley, 957 F.2d 1 (1st Cir.), cert. denied, 60 U.S.L.W. 3801 (October 5, 1992). Hurley began serving his prison sentence on May 14, 1992.
 
 
 3
 On August 5, 1992, Hurley filed a motion to correct his sentence. That motion correctly pointed out that Hurley's sentence was an illegal "split sentence" under 18 U.S.C. Sec. 3651 (repealed effective November 1, 1987).[3] That statute provided that:
 
 
 4
 Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best. (emphasis supplied).
 
 
 5
 Thus, a "split sentence" under 18 U.S.C. Sec. 3651 may not impose a prison term of more than six months. Hurley argued that the district court should have confined him to prison only for six months, a term that, with deductions for good time credits, would have allowed him to be released on September 29, 1992. The district court summarily denied Hurley's motion and Hurley appealed. On October 2, 1992, Hurley filed a motion for bail pending appeal and to expedite his appeal. The government opposed bail, contending that although Hurley's split sentence was improper, the district court could still impose an eight-month prison sentence followed by a sixteen-month probation term. The government later conceded that Hurley had served six months (or, more correctly, all the time he legally had to serve under a six-month sentence) in jail.
 
 
 6
 On October 14, 1992, this court summarily reversed the district court's order. We determined that Hurley's sentence was illegal because it required Hurley to serve eight months in prison. We further ruled that since Hurley had served the maximum amount of prison time he could lawfully be required to serve under 18 U.S.C. Sec. 3651 he could not be resentenced to a term requiring further incarceration. We instructed the district court "to order that [Hurley] be released from custody forthwith." The district court issued such an order and Hurley was released from the Allenwood Federal Prison Camp on October 15, 1992. Hurley was also instructed to report to the U.S. Probation Office to begin serving his probation term. Although our October 14, 1992 order implicitly required that Hurley's split sentence be amended to impose a six-month prison term and the balance probation, an amended judgment has yet to issue.
 
 
 7
 On November 13, 1992, Hurley filed a motion to further amend his judgment of conviction. In contrast to his first motion, which challenged only the eight-month prison term, Hurley's motion to further amend his judgment of conviction attacked the probation portion of his split sentence. Hurley's probation is scheduled to expire on February 15, 1994. Relying on cases cited in our October 14, 1992 order, Hurley argued that any period of probation imposed by the original judgment of conviction was illegal because that judgment imposed a jail term of more than six months. See United States v. Addonizio, 442 U.S. 178, 189 n. 15 (1979)(citing 18 U.S.C. Sec. 3651 for the proposition that "probation may not be combined with a sentence entailing incarceration of more than six months"); United States v. Martin, 938 F.2d 883, 884-85 (8th Cir. 1991)(per curiam) ("Under Sec. 3651, a court could not order probation to follow a period of confinement that exceeded six months.") Hurley further argued that this court's October 14, 1992 order required that Hurley be released from all forms of custody, including probation. The district court summarily denied Hurley's motion and this appeal followed.
 
 
 8
 On appeal, Hurley argues that the United States Probation Office's continuing supervision of him violates this court's October 14, 1992 order and the district court's ensuing October 15, 1992 order because these orders required that he be released from all forms of custody including probation. Hurley further argues that probation may not be combined with a sentence which includes incarceration of more than six months under 18 U.S.C. Sec. 3651. He contends that this is the holding of United States v. Addonizio, supra, and that it requires the elimination of the probation part of his sentence. Hurley served sixteen days beyond the amount of prison time that would have been required had he initially received a six-month prison term and all potential statutory and discretionary good time credits under 18 U.S.C. Secs. 4161 and 4162 (repealed).[4] He contends that these sixteen days are the equivalent of sixteen months of probation and that he should be freed from the latter.
 
 
 9
 Contrary to Hurley's contention, our October 14, 1992 order and the district court's October 15, 1992 order did not purport to release Hurley from the probation portion of his split sentence. While it is true that probation is a form of "custody," Hurley did not ask to be released from probation in the context of his previous appeal, thus we had no occasion to consider the validity of his probation term. And while United States v. Addonizio, supra, notes that under 18 U.S.C. Sec. 3651 "probation may not be combined with a sentence entailing incarceration of more than six months," this case does not hold that a probation term that is part of an illegal split sentence is automatically void or invalid. Indeed, Addonizio did not concern the validity of a split sentence, thus the quotation cited above is obviously dictum.[5]
 
 
 10
 A defendant may not receive a greater sentence than the legislature has authorized. United States v. DiFrancesco, 449 U.S. 117, 139 (1980). The split-sentence provision of 18 U.S.C. Sec. 3651 was enacted to "allow[ ] judges to grant a short sentence (six months or less) followed by probation on a one count indictment." United States v. Wertheimer, 474 F.2d 1004, 1006 (2nd Cir. 1970), cert. denied, 414 U.S. 833 (1973).[6] Although Hurley was not released until October 15, 1992, he did not receive a greater sentence than the legislature authorized in 18 U.S.C. Sec. 3651 because he was actually incarcerated for only five months. Thus, there is nothing unlawful about his present term of probation.
 
 
 11
 Accordingly, the government's motion to remand for resentencing is denied. The judgment denying Hurley's motion to further amend his judgment of conviction is affirmed. In accordance with this court's October 14, 1992 order, the district court shall amend Hurley's judgment of conviction to impose a six-month prison term and an eighteen-month term of probation.
 
 
 
 [1]
 Hurley's motion was titled, "Motion to Further Amend Judgment of Conviction."
 
 
 [2]
 Persons convicted under this statute "shall be fined not more than $10,000 or imprisoned not more than five years, or both." See 18 U.S.C. Sec. 371
 
 
 [3]
 As Hurley's crime was committed before this statute was repealed, it continues to govern his sentencing. See Pub. L. 98-473 (effective Nov. 1, 1987)
 
 
 [4]
 These statutes remained effective through November 1, 1992 for persons who committed offenses before November 1, 1987, thus they continue to apply to Hurley. See Pub. L. 98-473, Sec. 235(b)(1)(B). 18 U.S.C. Sec. 4161 authorized good time deductions of five days per month for sentences between six months and one year, while 18 U.S.C. Sec. 4162 allowed the Attorney General to deduct an additional three days per month of employment in a prison industry. Had Hurley initially received a split sentence embodying a six-month prison term, he would have been eligible for 30 days of good time credits under 18 U.S.C. Sec. 4161 and approximately 18 additional days under 18 U.S.C. Sec. 4162
 
 
 [5]
 Similarly, United States v. Martin, supra, does not require that we hold Hurley's probation term invalid
 
 
 [6]
 Before this provision was enacted, district courts had no means to impose probation and prison time on a single-count conviction. Id