97 F.3d 1462
 78 A.F.T.R.2d 96-6799, 97-1 USTC P 50,167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dixie Lee POWELL, Defendant-Appellant.
 No. 96-15196.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dixie Lee Powell appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion challenging her conviction for willfully failing to file income tax returns in violation of 26 U.S.C. § 7203, and the revocation of her probation for failing to cooperate with the Internal Revenue Service (the "IRS") to resolve her tax liability. Powell contends that: (1) the district court abused its discretion by vindictively imposing a more onerous sentence after her first sentence had been vacated; (2) the district court erroneously revoked her probation; and (3) the district court violated her double jeopardy rights by punishing her twice for her willful failure to file income tax returns. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Powell's § 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 Powell contends that the district court vindictively sentenced her by imposing a more onerous sentence than the first sentence she received from a different district judge.
 
 
 4
 When different courts impose different sentences, there is no presumption of vindictiveness if the second sentence is higher than the first. See Texas v. McCullough, 475 U.S. 134, 140 (1986); United States v. Newman, 6 F.3d 623, 630 (9th Cir.1993). A defendant may still obtain relief, however, if she can show actual vindictiveness upon resentencing. See McCullough, 475 U.S. at 138; Newman, 6 F.3d at 630.
 
 
 5
 Here, the second district judge ordered Powell to pay a minimum of $1,000 to the IRS toward her tax liability; ordered her to meet with the IRS to resolve any tax liability; and did not suspend her probationary period pending appeal. Powell simply states that the second sentence was more onerous than the first, and that sending her to jail for one year for a misdemeanor is clearly vindictive. The statute under which Powell was convicted, however, provides for imprisonment of not more than one year. See 26 U.S.C. § 7203. Therefore, Powell has failed to show that the second district judge acted with actual vindictiveness when he sentenced her following her retrial. See McCullough, 475 U.S. at 138; Newman, 6 F.3d at 530.
 
 
 6
 Powell contends that the district court "added years" to her indictment in order to find that she had violated her probation. Because there is no indication that Powell's original indictment was amended, we construe Powell's claim to be that the district court erroneously revoked her probation based on her failure to cooperate with the IRS for years that were not included in her indictment.
 
 
 7
 When a probationer violates the conditions of her probation, the court "may revoke the probation and require [the probationer] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653 (repealed effective Nov. 1, 1987) (applicable to offenses committed prior to November 1, 1987); see also United States v. Clayton, 588 F.2d 1288, 1291 (9th Cir.1979).
 
 
 8
 Here, it was within the sentencing court's discretion to revoke Powell's probation based on her violation of her probation terms. See 18 U.S.C. § 3653. Powell was convicted for willfully failing to file tax returns for the years 1982-1984, and as a term of Powell's probation, the sentencing court required Powell to "immediately meet with the Internal Revenue Agent and resolve any tax liability." Powell subsequently filed returns for the years 1982-1993 wherein she claimed non-resident alien status. The sentencing court did not err when it found that Powell violated her probation by filing these returns because the returns included the years 1982-1984 underlying Powell's conviction. There is no indication that the court based its finding on all of the years for which Powell filed such returns, as opposed to only on those years for which she was convicted. Therefore, the sentencing court did not erroneously revoke Powell's probation. See 18 U.S.C. § 3653; Clayton, 588 F.2d at 1288, 1291.
 
 
 9
 Powell contends that the district court violated her double jeopardy rights by revoking her probation following the imposition of filing penalties by the IRS.
 
 
 10
 We review de novo whether a defendant's double jeopardy rights have been violated. See United States v. Wolfswinkel, 44 F.3d 782, 784 (9th Cir.1995). The Double Jeopardy Clause protects against multiple punishments for the same offense. Id. Because parole is part of the original sentence, revocation of parole "is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation." United States v. Brown, 59 F.3d 102, 104-05 (9th Cir.1995). The fact that the circumstances leading to revocation may also constitute a second offense does not mean that revocation is punishment for the second offense. See id. at 105.
 
 
 11
 Here, the revocation of Powell's parole was a reinstatement of her original sentence for her underlying offense of conviction, not a punishment for the conduct that led the IRS to impose filing penalties against her. See Brown, 59 F.3d at 104-05. The district court did not violate Powell's double jeopardy rights by imposing a second punishment for the same offense. See id.; Wolfswinkel, 44 F.3d at 782.[1]
 
 
 12
 Accordingly, the district court's judgment is
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Powell further contends that the district court erred by failing to consider alternatives to incarceration when it imposed her sentence. Additionally, Powell seeks reimbursement for "every day spent in prison under illegal incarceration," and for costs of her legal research. Because Powell did not address these issues in her section 2255 motion, we will not consider them for the first time on appeal. See United States v. Beirle, 77 F.3d 1199, 1201 (9th Cir.1996)
 
 
 [2]
 Because we affirm the district court's decision under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal